Martin Newman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 9, 1978, before Judges CRUMLISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*Sandra Swenson,* for appellant.

*Reese Couch,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., September 6, 1978:

Unemployment compensation claimant, Martin Newman (Claimant) has appealed the decision of the Unemployment Compensation Board of Review (Board) which affirmed the referee's denial of benefits on the ground that Claimant was an unemployed businessman. We affirm.

The referee found that Claimant was the president and one of the six directors of Capital Corporation of America, in which he owned approximately 8% of the corporate stock. He received $20,000 annually for his services. In 1971 the company underwent an audit by

the Securities and Exchange Commission, as a result of which Claimant made an offer of settlement to the Commission which included a provision whereby Claimant was suspended from any service as an officer, director, member of an advisory board, or investment advisor for a period of between 30 and 60 days. The Commission accepted the offer, and Claimant's services with the Company were suspended from December 22, 1975 to February 19, 1976. He resumed his service with the Company in his previous capacity the next day, February 20, 1976. These findings are substantiated by Claimant's testimony.

In addition, the record indicates that Claimant had a major role in the day to day affairs of the company in that he dealt extensively with the Small Business Administration on the Company's behalf, and, together with the chairman of the board of directors, he approved the hiring and firing of employees.

In these circumstances, we are in complete agreement with the Board's and referee's holding that Claimant exercised a substantial degree of control over the corporation and that, therefore, during his 60 day separation from the Company, Claimant was an unemployed businessman, and was not an unemployed worker, and was therefore disqualified from receiving benefits under Section 402(h) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §802 (h). *Starinieri Unemployment Compensation Case,* 447 Pa. 256, 289 A.2d 726 (1972).

ORDER

AND Now, this 6th day of September, 1978, the decision of the Unemployment Compensation Board of Review denying benefits to Martin Newman is hereby affirmed.