Forrest A. Rolland, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 7, 1980, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*David A. Ody, Henry, Corcelius, Gates & Gill,* for petitioner.

*William Kennedy,* Assistant Attorney General, with him *Gary J. Marini,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, August 26, 1980:

Forrest A. Rolland, Jr., (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision finding him to be a self-employed businessman and therefore ineligible for benefits pursuant to Section 402(h) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess,. P.L. (1937) 2897, *as amended,* 43 P.S. §802(h). We will affirm.

The claimant was president and a member of the board of directors of General Dealers Services, Inc. (corporation) and received a salary of $480 per week. He owned approximately one percent of the stock of the corporation and voted these shares at the stockholders' meetings. The evidence reveals, and the referee so found, that the chairman of the board of directors of the corporation exercised ultimate control over the corporation but that the claimant oversaw its everyday business and played a substantial part in the overall control and policymaking. The claimant sold his stock and resigned from his position as president and member of the board of direc-

tors in January of 1978 at the request of the chairman of the board of directors, who wished to consolidate the corporate power in his own family.

In *Starinieri v. Unemployment Compensation Board of Review*, 447 Pa. 256, 289 A.2d 726 (1972), our Supreme Court held that a person need not be a majority shareholder of a corporation in order to be ineligible for benefits as a self-employed businessman. According to the Court in *Starinieri*, 447 Pa. at 259, 289 A.2d at 727, a self-employed businessman is "one who through ownership of stock and his position in the corporation exercises a 'substantial degree of control' over its operation."

The claimant contends that this Court should reverse the order of the Board in the case at hand because there is not substantial competent evidence, as required by Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704, to support a finding of such control as is required under *Starinieri, supra*.

It is undisputed that the claimant met the first requirement set forth in *Starinieri, supra: i.e.,* that of owning stock in the corporation. And, although it was a small portion of stock that he owned, the number of shares is not the decisive factor in our determining whether or not he was a self-employed businessman. *Starinieri, supra. See Newman v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 455, 390 A.2d 1382 (1978) (ownership of eight percent of a corporation's shares coupled with substantial degree of control over the corporation is sufficient to show self-employment).

We also believe that there is substantial evidence in the record to support the Board's finding that the claimant exercised a substantial degree of control over the corporation. For example, the testimony at the hearing indicates that the claimant, when inter-

viewed by a representative of the Bureau of Employment Security for the purpose of determining his eligibility for benefits, stated that, as president of the corporation and as a member of its board of directors, he exercised almost total control over the policies of the corporation. The evidence also shows that he normally signed checks for the corporation and that he had the power to hire and fire employees of the corporation.

We must conclude that, because the claimant exercised a substantial degree of control over the corporation and owned stock in the corporation, he was a self-employed businessman and, as such, is ineligible for unemployment compensation under Section 402(h) of the Law, 43 P.S. §802(h).

### ORDER

AND Now, this 26th day of August, 1980, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

———

DISSENTING OPINION BY JUDGE ROGERS:

I respectfully dissent.

In *Starinieri Unemployment Compensation Case,* 447 Pa. 256, 289 A.2d 726 (1972), the Supreme Court held that one who owned 15 of the 40 shares of stock of a closely held corporation and who was a director, secretary-treasurer and executive manager of the company, was engaged in self-employment and therefore was ineligible to receive unemployment compensation when the business failed. The substance of the holding in that case is the concluding paragraph of the opinion:

> On balance, we share the view of the Unemployment Compensation Board of Review

that the proper test is whether the employee 'exercises a substantial degree of control over the corporation;' if so, he is a businessman and not an employee. The appellant in this case was the Secretary-Treasurer as well as the General Manager of the Delaware Valley Electronic Supply Company. In addition, appellant was the second largest shareholder of the corporation. Thus, it is clear that appellant had a substantial degree of control over the activities of the corporation and he was not a mere 'employee'.

447 Pa. at 260, 289 A.2d at 728.

Forrest A. Rolland, Jr., last worked for General Services, Inc., a corporation engaged in the business of selling mobile homes and of managing mobile home parks. He was president and his salary was $480 a week. When hired, he was offered and purchased 1540, or eight-tenths of one percent of the 194,000 outstanding shares of the company's stock. Ninety-one percent of the stock was owned by James K. Overstreet, the chairman of the board of directors and the person who hired Rolland. The remaining approximately nine percent of the shares were owned by about 14 other persons, some of whom were Overstreet's relatives. Rolland was also made a member of the board of four directors, two of whom were Overstreet and Overstreet's wife, and the fourth the corporation's secretary-treasurer, a salaried employee like Rolland. The Board of Review after a referee's hearing and report and a hearing before a referee acting as a hearing officer for the Board of Review found as facts:

3. As President of the corporation, the claimant 'took care of the everyday business details of the corporation' such as 'checking bills and

signing checks,' being 'in charge of the sales operations.'

4. The claimant voted at the stockholders' meetings and participated in the making of policies for the corporation.

Rolland's claim for unemployment compensation was unopposed by his employer. Rolland and another employee with the title of secretary-treasurer, whose employment had ended in the same fashion as Rolland's, testified that while with General Services they met with Overstreet at least twice and sometimes three times a week to review their activities and to get instructions from Overstreet; that Overstreet did the hiring and firing of employees without consulting others, including Rolland and the board of directors; that no one in the company reported to Rolland; and that Rolland was principally involved in the sale of mobile homes. The manner in which the affairs of the company were conducted is accurately and economically described by Rolland as follows:

[W]hen I had my meetings with Mr. Overstreet, during the week, I would tell him what was going on. And what he wanted me to do about it. I mean, he was the one that made the decisions, to tell me what to do. And then I carried them out.

About 21 months after Rolland was hired by Overstreet, he was asked to resign by Overstreet, with the explanation that Overstreet wished to have the operation of the business entirely in his family.

The Board of Review concluded:

Another individual seems to have exercised more control than the claimant. This fact, however, does not preclude the possibility of the claimant exercising a substantial degree of

control. We believe the claimant, as President of the company, did exercise a substantial degree of control.

The conclusion that Rolland exercised a substantial degree of control of the corporation does not follow from the findings that he took care of everyday business and was in charge of sales and, as a member of the board, participated in policy making and it is clearly inconsistent with the record as a whole. The record shows, as the findings reveal, that Rolland was in daily charge of some of the operations of the business but that Overstreet exercised complete control, to use the language of Starinieri, "over the corporation." It is true that Rolland twice declared that he had control of policy. In so stating, he had to have meant something other than control of the corporation because his description of his and Overstreet's activities shows that the latter controlled the corporation; and indeed the Board's finding was that Rolland only *participated* in making policy. The facts in my opinion are so much different from those of *Starinieri* that in justice a different result should obtain. I would direct the payment of benefits.