Frank J. George, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1980, before Judges WILKINSON, JR., CRAIG and PALLADINO, sitting as a panel of three.

*John J. Dean,* for petitioner.

*Steven Marcuse,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, March 18, 1981:

Frank George (claimant) brings this appeal from a decision and order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision finding him to be an unemployed "businessman," and thus ineligible for unemployment compensation benefits under Section 402(h) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h). We reverse.

On November 30, 1978, claimant was fired from his job as a $400 per week manager-mechanic for Scuro Transmissions, Inc. (Scuro), a position he had held for five years. Thereafter, he applied for unemployment compensation benefits with the Bureau, now Office, of Employment Security (Bureau), and this application was subsequently denied. On appeal, the referee found, *inter alia,* the following pertinent facts:

3. The claimant was one of three stockholders in Scuro Transmission, Inc., 60 percent of the stock was owned by the president of the corporation, 20 percent was owned by the vice-president, secretary, and claimant as treasurer of the corporation owned 20 percent of the stock.

4. The claimant received no remuneration for performance of duties as treasurer of the corporation.

6. The corporation operates 5 shops. Part of claimant's duties consisted of setting up the shops and training new help.

7. As treasurer of the corporation, the claimant signed all payroll checks.

8. The claimant was a voting member of the board of directors, although final determinations vested with the president of the corporation.

9. The claimant exercised a substantial degree of control over the operation of the business.

Based on these findings the referee concluded that claimant was an unemployed "businessman" as opposed to an unemployed "worker" and denied benefits. On appeal the Board affirmed, and the present appeal followed.

In *Starinieri v. Unemployment Compensation Board of Review*, 447 Pa. 256, 289 A.2d 726 (1972), the Pennsylvania Supreme Court found a former executive manager of a closely held corporation to be an unemployed businessman, and hence ineligible for benefits, even though he had not owned or controlled a majority of the corporation's stock. In reaching this conclusion, the Supreme Court held that the proper test for determining whether a former corporate employee was an unemployed businessman was

not the quantum of stock ownership, but rather whether that employee had exercised a "substantial degree of control over the corporation." *Starinieri, Id.* at 260, 289 A.2d at 728.

Before this Court claimant alleges that there was not sufficient competent evidence in the record, as required by Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, to support the Board's conclusion that he had exercised a substantial degree of control over Scuro, and that he is therefore entitled to benefits as an unemployed "worker." We agree.

The only evidence presented at the referee's hearing was claimant's own testimony. In his testimony, claimant clearly stated that his primary job at Scuro was repairing transmissions. When asked by the referee if he had any managerial duties, claimant replied:

> A. I opened up new shops, we have 5 shops, and I went to open shops and pre-train guys, I mostly worked with new help and everything, but I didn't do too much in the office maybe make bills and stuff like this here, talke (sic) to customers, as far as being involved with the business itself, I had nothing to do with that.

Claimant also testified that his duties as treasurer were limited to signing checks and attending board meetings, that he received no remuneration for being treasurer, and that the President, Tony Scuro, controlled board meetings with his votes.

In numerous cases since *Starinieri* this Court has found substantial control where individual claimants were shown to have exercised some significant degree of control over the management or policies of the corporation. *See, e.g., Rolland v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 562, 418 A.2d 807 (1980). In the present case, however, we believe that the evidence clearly

582

shows that claimant had little or no effect on the policies or management of Scuro, and that he was in fact simply a "worker" as opposed to a "businessman."

Accordingly, we enter the following

ORDER

AND Now, March 18, 1981, the Decision and Order of the Unemployment Compensation Board of Review, Decision No. B-170044, denying benefits for the weeks ending December 9 and December 16, 1978 is reversed, and this case is hereby remanded to the Unemployment Compensation Board of Review for computation of benefits in accordance with the above opinion.