Teresa Geever, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 5, 1982, before Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Samuel Oppenheim, Brennan, Robins & Daley,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Steven J. Neary,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, March 30, 1982:

Teresa Geever (Claimant) was found ineligible for unemployment compensation benefits by the Office of Employment Security, the referee and the Unemployment Compensation Board of Review (Board). The referee found Claimant ineligible under Section 402(h)[1] of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h). The Board found that Section 402(h) was not applicable[2] because Claimant's activities as a self-employed businesswoman "ceased *prior* to the period at issue" (emphasis added), but held that *"when the claimant's services were terminated,* she became an unemployed businesswoman outside the protection of the Unemployment Compensation Law. Starinieri Unemploy-

---

[1] Section 402(h) provides:

An employe shall be ineligible for compensation for any week—

. . . .

(h) in which he is engaged in self-employment. . . .

[2] The Board's decision did not specify the section of the Law which rendered Claimant ineligible.

ment Compensation Case, 447 Pa. 256 (1972)." (Emphasis added.) These conclusions of the Board point up the only issue presented in this case which is whether the Claimant *at the time her employment was terminated* exercised substantial control over the operation of the corporation such that she is an "unemployed businesswoman" and, therefore, ineligible for benefits. *Starinieri Unemployment Compensation Case,* 447 Pa. 256, 289 A.2d 726 (1972).

The basic facts were elicited from the Claimant who was the only witness to testify. Zephyr Compliments, Inc. incorporated in 1974, began to operate in 1976 as its sole venture, a restaurant using the trade name of "Cornucopia". In April of 1976, Claimant and her husband purchased 30% of the outstanding shares of stock in the corporation. The other shareholders were Ronald Yoder and Michael Deegan, each of whom owned 35% of the stock. Deegan was president and Yoder was secretary-treasurer. Claimant was named vice-president and placed on the board of directors.[3] In August of 1977, Deegan "left the business" whereupon Claimant succeeded him as president.

In Deegan's absence, Claimant did whatever was necessary to operate the restaurant business. She participated in the hiring and firing; she had authority to sign checks; she managed the day to day affairs; and, she was the bookkeeper. From April, 1979 until she was terminated, she received $300 per week from the corporation, none of which was for her services as a director or officer of the corporation. Yoder also participated actively in the business between August, 1977 and September of 1979 but there

---

[3] Claimant's husband never participated in the business in any capacity.

494

can be no doubt that during that period of time Claimant did exercise substantial control over the operation of the restaurant.

In September of 1979, Deegan returned to the business as president. From then until she was terminated on November 18, 1979 Claimant was "called" manager but was not consulted about the affairs of the restaurant. Purchases of equipment were made with which she did not agree but she was out voted. Her last two months were spent primarily as a bookkeeper. Although the referee and the Board both found that Claimant was vice-president at the time of her termination, the Claimant's testimony on that point is not clear.

No reason was given to Claimant for the termination of her services. She was just "voted out" by the other two shareholders.

From the foregoing facts, the Board in its discussion said that "the Claimant in the instant case jointly owned 30% of the stock with her husband, was President and Manager, and exercised substantial control in the corporation."

As always, the Board finds the facts but the determination of whether one is or is not self-employed is a question of law subject to our review. *O'Brien v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 272, 370 A.2d 805 (1977). Our cases in this area of the law indicate that in each instance each case will be determined upon its own facts. Thus, the percentage of stock owned is not in and of itself determinative of the issue. *Rolland v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 562, 418 A.2d 807 (1980); the fact that Claimant is an officer of the corporation is not in and of itself determinative of the issue, *George v. Unemployment Compensation Board of Review,* 57 Pa.

Commonwealth Ct. 578, 426 A.2d 1248 (1981); and, the claimant's title is not determinative in and of itself, *Starinieri.* It is only when consideration is given to all of those factors as well as any others which might be indicia of control, that a determination of whether the Claimant is self-employed can be made.

As we have noted previously, when Claimant was president of the corporation, managed the restaurant and made decisions on her own during the period from August of 1977 until September of 1979, she was exercising substantial control of the business. *At the time of her termination,* however, such was not the case. Although still a member of the board and a shareholder and although nominally the manager of the restaurant business, it is clear from the record that the Claimant no longer exercised substantial control or any control but rather took orders from the other shareholders, the last of which involuntarily terminated her.

Counsel has tried valiantly to demonstrate similarities between this case and others this Court has decided. While some similarities do exist, they are not sufficient for us to say that this case is controlled by any other except, of course, the principle of law set forth in *Starinieri.* Our conclusion, therefore, that the Claimant is not a self-employed businesswoman but is an employee entitled to unemployment compensation benefits, is based upon our own analysis of the facts as found by the Board and our determination from those facts that *at the time of termination,* claimant did not exercise substantial control of the corporation's affairs or its restaurant business. Whether or not Claimant may have had substantial control at some other point in time is, in the absence of evidence of collusion between the employer and the Claimant, irrelevant.

496

For the foregoing reasons, the order of the Board is reversed and the case will be remanded for the computation of benefits.

ORDER

AND Now, this 30th day of March, 1982, the Decision and Order of the Unemployment Compensation Board of Review, number B-183685, dated April 29, 1980, is reversed and this case is hereby remanded to the Unemployment Compensation Board of Review for computation of benefits in accordance with the above opinion.