Adair Rogers, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

· · Argued June 11, 1982, before Judges Rogers, Craig and MacPhail, sitting as a panel of three.

*Adair Rogers,* petitioner, for himself.

*Francine A. Ostrovsky,* Associate Counsel, with her *Charles G. Hasson,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Craig, July 14, 1982:

In this unemployment compensation appeal by putative employer Adair Rogers, P.E., from allowance of benefits to the claimant John Hill, who had worked as a machine operator, the ultimate question has been the existence of qualifying base year wages in sufficient amount, but the pivotal issue is whether the claimant was an employee or a limited partner in the business.

To document the allegation of partnership, Rogers offered a hand-lettered paper headed

AGREEMENT BETWEEN ADAIR ROGERS, PE AND ...........................

The paper was not signed by anyone; it names only Adair Rogers as principal partner, leaving unidentified the "LIMITED PARTNER(S)" to which it makes generalized reference. Its body refers to a quarterly division of profits.

Without contesting the base year wage computation as to amount, Rogers raises only points relating to the partnership allegation, as follows:

1. Did the referee err in excluding the unexecuted agreement form from evidence?

2. Did the referee wrongly refuse to admit testimony from other persons, as to their own basis of compensation, to support the allegation of a partnership with the claimant?

We conclude that the referee acted properly in excluding the agreement form from evidence because it was not executed and no other admissible evidence to authenticate a written partnership agreement with claimant was presented. Also significant is the absence of any proof of a filed certificate of limited partnership under the Act of December 19, 1975, P.L. 524, §1, 59 P.S. §512.

With respect to the conflict of testimony between Rogers and the claimant, respectively averring and negating an oral agreement of partnership—assuming that an oral agreement of limited partnership could be valid—the referee resolved that issue of credibility in the claimant's favor, determining that the claimant received the compensation as an employee and not as a partner. In view of the confusing and often nonresponsive nature of the testimony of the employer, we cannot say that we would disagree with the referee even if it were within our power to do so.

Nor can we find any error in the referee's refusal to accept Rogers' offer of the testimony of a number of persons, including the wife and other alleged part-

400

ners of Rogers, at a fourth hearing session. The offered testimony was only to the effect that such other persons had received compensation in amounts like those received by the claimant, thus to imply that the claimant, like those persons, was receiving a profit share rather than wages. The referee was entitled to regard the offer of quantitative similarity as irrelevant and immaterial for the purpose of proof as to the *nature* of the claimant's relationship and compensation.

The decision is affirmed.

ORDER

Now, July 14, 1982, decision No. B-169400 of the Unemployment Compensation Board of Review is hereby affirmed.