513 A.2d 560

Ken Friedman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 20, 1984, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*David L. Narkiewicz, Rosenstein & Romano, P.C.,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., July 31, 1986:

Ken Friedman appeals an Unemployment Compensation Board of Review order upholding a referee's decision which denied him benefits due to self-employment. Section 402(h) of the Unemployment Compensation Law.[1] We reverse.

Friedman, a twenty percent stockholder and vice-president of Wallcoverings, Ltd. (Wallcoverings), was discharged from his position as store manager. The referee found that Friedman exercised substantial control over the day-to-day operations of Wallcoverings and was

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h).

therefore self-employed and ineligible for benefits pursuant to *Starinieri Unemployment Compensation Case,* 447 Pa. 256, 289 A.2d 726 (1972).

Whether a person is self-employed is a question of law subject to our review. In *Starinieri,* our Supreme Court held that a claimant will be deemed self-employed where, through his stock ownership and position in the corporation, he exercises substantial control over the corporation. The type of control required is control over the management *and policies* of the corporation as a whole. *Anello v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 25, 408 A.2d 1171 (1979). This determination is based upon the facts of each case. *Geever v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 491, 442 A.2d 1227 (1982). Friedman contends that the facts here do not support a conclusion that he was self-employed. We agree.

Wallcoverings consists of two stockholders. Eighty percent of the stock is held by the president. Friedman, who was vice-president, owns the remaining twenty percent of the stock.[2] Friedman was general manager of Wallcoverings' retail store. His duties included ordering inventory and materials, supervising other employees and hiring and firing employees. He could not set employee salaries, but merely made recommendations to the president. He was not authorized to sign checks on behalf of the corporation. Any decisions he made were subject to the veto power of the president. Moreover,

---

[2] The referee's findings indicate that there are three stockholders: the president, holding sixty percent; the claimant, holding twenty percent; and the secretary-treasurer, holding twenty percent. However, the uncontradicted evidence in the record indicates that there are only two stockholders. Although there is mention of a secretary/treasurer, that person took no active part in the business and owned no interest in Wallcoverings.

the board of directors, which decided to discharge Friedman, was elected by the president in his capacity as the majority stockholder.

In *Pisano v. Unemployment Compensation Board of Review,* 82 Pa. Commonwealth Ct. 475, 477 A.2d 1 (1984), the claimant was a twenty-five percent stockholder and the manager of a restaurant. His duties included purchasing inventory and hiring and firing employees. In *George v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 578, 426 A.2d 1248 (1981), the claimant was a twenty percent stockholder and an officer of the corporation whose duties included setting up new company shops, training employees and signing payroll checks. In both cases, we held that the claimant did not have substantial control over the policies of the corporation and therefore was eligible for benefits. We reach the same conclusion here. Friedman's role in the corporation was merely managerial. There is no evidence that he exercised judgmental policy powers which would indicate that he had a controlling role in Wallcoverings for purposes of the *Starinieri* doctrine.

We therefore reverse the Board's order.

ORDER

The Unemployment Compensation Board of Review order, No. B-216617 dated April 1, 1983, is reversed.