532 A.2d 69

Eugene Michno, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs July 27, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Ronald V. Santora, Hourigan, Kluger, Spohrer, Quinn & Myers, P.C.,* for petitioner.

*John J. Aponick, Jr.,* with him, *Joseph J. Musto, Griffith, Aponick & Musto,* for respondent, Michno Motors.

OPINION BY JUDGE MACPHAIL, October 14, 1987:

Claimant Eugene Michno appeals from a decision of the Unemployment Compensation Board of Review (Board) which denied him unemployment compensation benefits pursuant to Section 402(h) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h). Claimant's request for benefits was denied by the Office of Employment Security (OES) on the basis of its finding that Claimant was an unem-

ployed business person. Claimant appealed this denial to the referee and the referee affirmed the decision of OES on the same grounds. The Board affirmed the referee and adopted his findings of fact.[1] We reverse.

Claimant had been employed by the Appellee, Michno Motors, Inc., for approximately 27 years. Michno Motors is a family owned and operated business that was started by Claimant's father. Until February 13, 1985, Claimant was Vice-President, Treasurer, Manager, and 32% stockholder of Michno Motors. Claimant's brother, Florian Michno, also owned 32% of the stock in Michno Motors, and Claimant's mother, Anna Michno, owned the remaining 36% of the stock. A dispute arose between Claimant and his mother and brother. The result of this dispute was an agreement dated February 13, 1985 which relieved Claimant of active participation in the corporation. On at least two occasions Claimant attempted to visit the business premises and was denied admittance. Notes of Testimony at 13, Reproduced Record at 17a. According to the terms of the agreement, Claimant was to receive his usual weekly salary of $425.00 "less withholding, etc." until further notice. Claimant was also subject to recall by Michno Motors.

On November 26, 1985 a special shareholders' meeting was held. At that meeting action was taken to terminate Claimant in all of his official capacities.[2] Claimant's salary was discontinued at that time. Claimant is seeking unemployment compensation benefits for weeks beginning December 28, 1985.

---

[1] Michno Motors had previously alleged willful misconduct. OES ruled that there was insufficient evidence to find willful misconduct. There was no evidence presented before the referee regarding willful misconduct and the Board did not address the issue.

[2] Apparently, Claimant retained his stock ownership.

The question for this Court to decide is whether Claimant exercised a substantial degree of control over Michno Motors at the time of his termination, thereby disqualifying him from unemployment compensation benefits as an unemployed business person. The determination of whether the facts found by the Board support a finding that a person is self-employed is a question of law subject to the review of this Court. *Friedman v. Unemployment Compensation Board of Review*, 99 Pa. Commonwealth Ct. 369, 513 A.2d 560 (1986).

The decisions of OES and the Board were based on the holding in *Starinieri Unemployment Compensation Case*, 447 Pa. 256, 289 A.2d 726 (1972). Under *Starinieri*, a person "who through ownership of stock and his position in the corporation exercises a 'substantial degree of control' over its operation" is considered to be self-employed. *Id.* at 259, 289 A.2d at 727. Upon loss of such employment he is considered an "unemployed business man" and is not entitled to unemployment compensation under Section 402(h) of the Law. In *Geever v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 491, 442 A.2d 1227 (1982), however, this Court held that even if a claimant did at one time have control over the business, he may still receive unemployment compensation if he did not have such control at the time of his termination. Stock ownership alone is not enough to disqualify a claimant from receiving unemployment compensation benefits. *Id.*

A difference of opinion exists in this case over when Claimant was terminated. The Board found that Claimant's "last day of actual work" was on or about February 13, 1985. There has been no controversy over Claimant's lack of control over the family business after that time despite his retention of title and membership on the Board of Directors. Claimant remained on the payroll, however, until November 26, 1985. Claimant

contends that this was his date of termination. Michno Motors contends that February 13, 1985 was Claimant's date of termination. If Claimant had been terminated on February 13, 1985, then he would be ineligible for unemployment compensation benefits. Because of the degree of control Claimant was found by the Board to have exercised up to that point, he would be considered an unemployed business person. A finding that his date of termination was November 26, 1985 would mean Claimant would be entitled to benefits because he lacked the requisite control at that time to be considered self-employed.

The definition of "employment" under Section 4(l)(1) of the Law, 43 P.S. §753(l)(1), includes "all personal service performed for remuneration by an individual under any contract of hire, express or implied, written or oral, including service in interstate commerce, *and service as an officer of a corporation.*" (Emphasis added.) The Board failed to address the issue of what Claimant's employment status was during the period between February 13, 1985 and November 26, 1985. We note, however, that the only conclusion that the facts will support is that Claimant was an employee during that time period as an officer of the corporation and, therefore, was not self-employed. Although the referee found that Claimant's "last day of actual work" was February 13, 1985, the record clearly shows that Claimant continued to be paid as an officer and director of the corporation and was subject to recall until November 26, 1985. During this period, however, Claimant had no authority over the day to day operation of Michno Motors and in no way exercised substantial control over the corporation.

In conclusion, there is not substantial evidence to support a finding that Claimant was an unemployed business person as of November 26, 1985, the date his actual employment was terminated.

## ORDER

The decision of the Unemployment Compensation Board of Review to deny benefits in the above-captioned proceeding is reversed.