539 A.2d 489

University City Housing Co., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

608

Submitted on briefs February 26, 1988, to Judges COLINS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Saul H. Krenzel,* for petitioner.

*Peter C. Layman,* Deputy Chief Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, March 25, 1988:

University City Housing Co. appeals an Order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision granting Anthony Roccia (claimant) benefits pursuant to the doctrine enunciated in *Starinieri v. Unemployment Compensation Board of Review*, 447 Pa. 256, 289 A.2d 726 (1972), which provides that a self-employed businessman who becomes unemployed shall not be eligible for unemployment compensation benefits.

Claimant began working for University City Housing Co. in January, 1985. He was hired by Amy and Michael Karp to help develop a long distance telephone company.[1] Claimant started at an annual salary of $50,000, with the title of Senior Vice President. He was also promised, at the time of hire, that he would receive a 12.5% ownership interest in the company. No documentation was ever created establishing that claimant was part owner of the company. Amy Karp became President of the company after "discussions between my husband and myself."[2] Michael Karp was also an "officer", although he was not given a specific title.[3] Claimant's function in this company was to oversee the company's day-to-day operations. His expertise was in sales and marketing and he was involved in sales of the company's service. However, claimant had no authority to sign checks or hire employees without acquiring approval by the Karps.

---

[1] In its brief to this Court, the employer has indicated that the company from which claimant was discharged was actually AT Communications, not University City Housing. AT Communications was a company started by the principals behind University City Housing, Amy and Michael Karp. For purposes of this appeal, we shall consider University City Housing, the Karps and AT Communications as synonymous for purposes of reference to the "employer".

[2] Notes of Testimony (N.T.) p. 37

[3] N.T. p. 33.

The company began to lose money in the amount of $80,000 per month in late 1985 and early 1986. Conflicts arose regarding the management of the business primarily due to the dissatisfaction on the part of the Karps with reference to the projected figures and substantial losses which were occurring. On March 25, 1986, the President of the company informed the claimant that his services were no longer needed and that he was being refused entry into the building which housed the company. The company continued to operate after the severing of the employment relationship between the claimant and the company.

Claimant applied for benefits on April 27, 1986, and was granted benefits by the Office of Employment Security (OES) on July 10, 1986. On appeal, this decision was affirmed by the referee. On further appeal, the Board affirmed. The referee stated in Finding of Fact No. 8:

> 8. At no time was the claimant a partner in the [company] . . . nor did he hold any stock in that company. The company continued operating after the employment arrangement was severed between the claimant and the owner.

Analyzing the facts of this matter under the standard set forth in *Starinieri,* the referee concluded that:

> Since the claimant was hired specifically for his expertise in the field of tele-communications, signed no contract obtaining partnership and was dismissed by the owner of the company on or about 3-25-86 due to dissatisfaction on the part of the owner, the claimant cannot be disqualified for benefits under the afore-mentioned section of the Law.[4]

---

[4] Section 402(h) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h).

On appeal to this Court, the employer argues that the decision of the Board is unsupported by substantial evidence. The employer contends that the decision goes against the weight of the evidence that the claimant was the managing partner with a 12.5% interest in the company and that the claimant exercised substantial control over the business. Therefore, the employer argues, the claimant is a self-employed businessman and consequently ineligible for benefits pursuant to Section 402(h) of the Act and the principles of *Starinieri*. We disagree.

This Court may not overturn the findings of fact made by an agency if they are supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). Our examination of the record and briefs presented to this Court indicates that the referee based his findings of fact which were adopted by the Board upon substantial evidence.[5]

The employer bases his argument that the claimant was a self-employed businessman on the fact that a partnership existed between the claimant and the employer. However, in her testimony before the referee, the President of the company, Amy Karp, indicated that no stock in the corporation was issued to the claimant nor was there any written partnership agreement executed giving the claimant an interest in the business. She indicated that the claimant was verbally given a 12.5% interest. The claimant testified that although he was promised a 12.5% interest in the company, that promise was never consummated. This conflict in testimony over

---

[5] Although the transcript of the hearing in this matter was replete with typographical errors and portions of the testimony were "inaudible", we did not find the transcript to be inadequate for purposes of our review.

whether a partnership was actually created was resolved by the referee in his determination that no such partnership agreement existed, based upon the credible testimony of the claimant. As the finder of fact and judge of credibility, it was within his province to do so.

This Court decided a similar issue in the case of *Rogers v. Unemployment Compensation Board of Review*, 67 Pa. Commonwealth Ct. 397, 448 A.2d 646 (1982). In that case, the employer claimed the existence of an oral partnership while the claimant denied that any such agreement existed. Judge CRAIG, writing for the majority, affirmed the grant of benefits based upon the referee's conclusion that the claimant was not a partner and noted:

> With respect to the conflict of testimony between Rogers and the claimant, respectively averring and negating an oral agreement of partnership—assuming that an oral agreement of limited partnership could be valid—the referee resolved that issue of credibility in the claimant's favor, determining that the claimant received the compensation as an employee and not as a partner. In view of the confusing and often nonresponsive nature of the testimony of the employer, we cannot say that we would disagree with the referee even if it were within our power to do so.

*Id.* at 399, 448 A.2d at 647.

Having found that the resolution of conflicting claims of the existence or non-existence of an oral partnership is properly within the judgment of the factfinder, we uphold, as based on substantial evidence, the referee's finding that no oral partnership existed.

Although we note that the referee made findings based upon substantial record evidence which were adopted by the Board, the question of whether the

claimant was self-employed is yet to be resolved, as it is a question of law subject to our review. *Geever v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 491, 442 A.2d 1227 (1982). Therefore, we now address the employer's contention that claimant should be found ineligible for benefits under the doctrine set forth in *Starinieri*.

In *Starinieri*, the claimant was Secretary-Treasurer and General Manager of the corporation and owned approximately 37% of the corporate stock. In determining whether the claimant was self-employed, our Supreme Court held that:

> [T]he proper test is whether the employee 'exercises a substantial degree of control over the corporation;' if so, he is a businessman and not an employee.

*Id*. at 260, 289 A.2d at 728. Noting the claimant's position at the company and the fact that he was the second largest shareholder of the corporation, the court concluded that he had a substantial degree of control over the corporation. Therefore, it held that he was not merely an employee, but instead, a businessman who was ineligible for benefits.

The case law since *Starinieri* indicates that each case shall be determined upon its own facts. No single factor shall be determinative of the issue. *Geever* at 495, 442 A.2d at 1229. The percentage of stock owned by the claimant is not in and of itself dispositive, *Rolland v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 562, 418 A.2d 807 (1980); the fact that the claimant is an officer of the company is not in and of itself dispositive of the issue, *George v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 578, 426 A.2d 1248 (1981); the characterization given the employment relationship by laypersons is not dispositive, *Kerstetter v. Unemployment*

*Compensation Board of Review,* 79 Pa. Commonwealth Ct. 166, 468 A.2d 900 (1983), *Crenshaw v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 136, 412 A.2d 682 (1980);[6] and, finally, the claimant's title is not dispositive, in and of itself, *Starinieri*. Consideration must be given to all factors in the determination of whether the claimant exercised a substantial degree of control over the company.

The facts of the present case are similar to those found in the case of *Friedman v. Unemployment Compensation Board of Review,* 99 Pa. Commonwealth Ct. 369, 513 A.2d 560 (1986). In *Friedman,* the claimant was a 20% stockholder and vice-president of his company. The referee found that the claimant exercised substantial control over the day-to-day operations of the company and was therefore self-employed and ineligible for benefits under *Starinieri*. This Court reversed the decision of the referee and granted benefits. We noted:

> Friedman's role in the corporation was merely managerial. There is no evidence that he exercised judgmental policy powers which would indicate that he had a controlling role in Wallcoverings for purposes of the Starinieri doctrine.

*Friedman* at 372, 513 A.2d at 561-62.

The facts of the instant matter present an even stronger case that the claimant was not self-employed. As noted previously, the claimant was not a partner in the corporation, owned no stock in the corporation, exercised only managerial duties in overseeing the day-to-day operations of the company, and in fact exercised no

---

[6] The employer makes much of the fact that the claimant referred to himself as a "partner" in several letters sent to the employer. This fact is not dispositive of the issue of whether the claimant was self-employed. All factors considered, we must conclude that the referee was correct in concluding that the claimant was not self-employed.

policy control. In fact, the nature of the claimant's dismissal indicates that he had little if any power within the corporate structure. The claimant was summarily dismissed by the Karps without discussion, vote, or challenge. This indicates a clear lack of any, let alone substantial, control over the corporation by the claimant. Therefore, we must conclude that the claimant was not self-employed within the meaning of the Act and the doctrine set forth in *Starinieri*. Accordingly, we affirm the decision of the Board.[7]

ORDER

AND NOW, this 25th day of March, 1988, the decision of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

---

[7] The employer raises the contention that the claimant's subsequent employment in the development of a tele-communications consulting company which actively solicited the employer's business on May 1, 1986 renders claimant ineligible for benefits under *Starinieri*. The record does contain testimony concerning the initiation of a consulting company by the claimant subsequent to his severance from employment with the employer. This Court has recognized that a positive step toward establishing an independent business enterprise renders the persons so involved ineligible for benefits because they are self-employed. *Kirk v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 92, 425 A.2d 1188 (1981). However, the issue before the referee and the Board was whether the claimant was self-employed in his position with the employer. Claimant's actions subsequent thereto were not relevant to this determination. The issue of claimant's subsequent self-employment through development of the consulting company is, therefore, not before this Court at this time and we decline to address it.