# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ashley Maloy,                                          :
                                                       :
                          Petitioner                   :
                                                       :
            v.                                         :      No. 1009 C.D. 2015
                                                       :
Unemployment Compensation                              :      Submitted:  February 12, 2016
Board of Review,                                       :
                                                       :
                          Respondent                   :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**                     **FILED:  April 13, 2016**

Ashley Maloy (Claimant), representing herself, petitions for review of an Order of the Unemployment Compensation (UC) Board of Review (Board) that dismissed her appeal from a UC Referee's Decision as untimely pursuant to Section 502 of the UC Law (Law).[1]  On appeal, Claimant admits that her appeal was untimely, but argues that the Board erred in discrediting her assertion that stress and homelessness were the causes of her failure to file a timely appeal from

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. § 822.  Section 502 of the Law provides in relevant part:  "The parties and their attorneys . . . shall be duly notified of . . . the reasons therefor, which shall be deemed the final decision of the [B]oard, unless an appeal is filed therefrom, within fifteen days after the date of such decision the [B]oard acts on its own motion, to review the decision of the referee."  Id.

the Referee's decision and also argues that, on the merits, she should be granted benefits. Because there is evidence to support the factual findings that Claimant moved to a new address around the corner and did not forward her mail but relied upon her neighbors to retrieve her mail, which does not excuse her failure to file a timely appeal, we are constrained to affirm.

Claimant was employed by Horizon House, Inc. (Employer) until she was terminated in October 2014. After her separation from employment, Claimant filed for UC benefits, and the UC Service Center issued a Notice of Determination finding Claimant eligible. (Notice of Determination, R. Item 5.) Employer appealed the Notice of Determination, and a hearing before a Referee ensued.

The Referee issued a decision on January 12, 2015, reversing the UC Service Center's determination and finding Claimant ineligible for UC benefits under Section 402(e) of the Law.[2] (Referee's Decision, R. Item 10). That decision was mailed to Claimant's last known address. The last day to file a timely appeal to the Board was January 27, 2015. Claimant filed her appeal on February 6, 2015. The Board issued a decision finding her appeal untimely, but also mailed a letter to Claimant providing her with an opportunity to request a timeliness hearing if she believed the appeal should be accepted. (Letter from Board to Claimant (February 13, 2015), R. Item 12.) However, although Claimant sent a written response to the Board, she initially did not request a timeliness hearing; therefore, the Board dismissed her appeal. (Board Decision and Order, March 13, 2015, R. Item 14.) Claimant asked for reconsideration and requested a timeliness hearing; the Board

---

[2] 43 P.S. § 802(e) (relating to willful misconduct related to an employee's work).

then granted her request and remanded for a hearing on the timeliness of Claimant's appeal. (Claimant's Request for Reconsideration, R. Item 15; Board Remand Order, R. Item 18.)

During the hearing, Claimant testified that, at the time the Referee's decision was mailed to her she was not living at the address to which the decision was mailed (North Beachwood Address). Claimant stated that she resided at an address "basically around the corner from where [she] was staying." (Hr'g Tr., April 28, 2015, at 4, R. Item 20.) She also explained that she continued to use the North Beachwood Address on February 6, 2015, when she filed her late Appeal, because "it was actually kind of like a habit and I realized I made that mistake. It . . . happened because I wasn't used to that address and I didn't remember the number to the house." (Hr'g Tr. at 4-5.) Claimant further testified that she was depending on her neighbors to give her the mail "and that was a huge mistake." (Hr'g Tr. at 5.) She stated that she did not ask the postal service to forward her mail because she was young, she made mistakes, did not have money and was having housing difficulties. Claimant testified that she had many difficulties, including taking care of a sick mother, the death of her brother, trying to also take care of her daughter, and so she had "been really stressed out" and "a lot of things [were] slipping my mind" although she tried to keep up with everything. (Hr'g Tr. at 6.)

Based on the testimony, the Board made the following findings of fact:

1. On January 12, 2015, the Referee issued a decision which denied the [C]laimant benefits.

3

2. A copy of the Referee's decision was mailed to the [C]laimant at her last known post office address on the same date.

3. The decision was accompanied by notice advising that the interested parties had fifteen (15) days in which to file a valid appeal.

4. Prior to January 12, 2015, the [C]laimant had moved to a new address around the corner from her old address.

5. The [C]laimant did not request mail forwarding from the post office; instead, she relied on her prior neighbors to retrieve mail for her at her old address.

6. The [C]laimant received the [R]eferee's decision.

7. The [C]laimant's appeal from the Referee's decision, in order to be timely, must have been filed on or before January 27, 2015.

8. The [C]laimant's appeal was filed on February 6, 2015.

9. The [C]laimant was not misinformed or misled by the unemployment compensation authorities regarding her right or the necessity to appeal.

(Board Decision, Findings of Fact (FOF) ¶¶ 1-9.) The Board acknowledged the mandatory nature of Section 502 of the Law and its limited jurisdiction in accepting late appeals except under certain limited exceptions. (Board Decision at 2.) The Board found that the late appeal was "not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct." (Board Decision at 2.) The Board specifically stated that it "does not credit the [C]laimant's assertion that stress played a role in her late filing." (Board Decision at 2.) Accordingly, the Board dismissed Claimant's

4

appeal as untimely. Claimant now petitions this Court for review of the Board's Order.[3]

On appeal, Claimant focuses the majority of her arguments on the merits of her appeal, but also contends that the Board erred by discrediting her assertion that stress played a role in her late filing. We address, as we must, the timeliness issue first. Claimant argues that her loss of housing, which resulted from her lack of income, compounded by the death of her brother in August, 2014, combined to create stress which caused her to lose focus on her appeal. She also contends that she could not file a mail forwarding form with the postal service because she had no forwarding address, and had to rely on her former neighbors. We will interpret Claimant as arguing that her appellate rights should be restored *nunc pro tunc* because her late filing was the result of non-negligent conduct.

Section 502 of the Law provides a party fifteen days to appeal a referee's decision to the Board. 43 P.S. § 822. This statutory time limit is mandatory, and the Board does not have the jurisdiction to consider any appeal filed after fifteen days. Hessou v. Unemployment Compensation Board of Review, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). This Court has acknowledged limited circumstances, however, when an untimely appeal may be considered, but the claimant bears a heavy burden to establish this right. Id. The allowable exceptions for an untimely

---

[3] Our review "is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." Johns v. Unemployment Compensation Board of Review, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth.), petition for allowance of appeal denied, 97 A.3d 746 (Pa. 2014).

appeal are limited to cases where the claimant proves "there is fraud or some breakdown in the court's operation," or when there is a "non-negligent failure to file a timely appeal which was corrected within a very short time, during which any prejudice to the other side of the controversy would necessarily be minimal." Bass v. Commonwealth, 401 A.2d 1133, 1135-36 (Pa. 1979) (internal quotation marks and citation omitted). Hessou interpreted the non-negligent standard as conduct being beyond the control of the claimant. Hessou, 942 A.2d at 198. These exceptions are also only meant to apply in extraordinary circumstances where "unforeseeable and unavoidable events" prevented the timely filing of the appeal. Criss v. Wise, 781 A.2d 1156, 1160 (Pa. 2001).

The Board is the ultimate finder of fact, Peak v. Unemployment Compensation Board of Review, 501 A.2d 1383, 1388 (Pa. Cmwlth. 1985), and its findings "are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings," Taylor v. Unemployment Compensation Board of Review, 378 A.2d 829, 831 (Pa. 1977). Findings are conclusive unless challenged. Hessou, 942 A.2d at 198.

Here, Claimant does not dispute the Board's findings that: the Referee issued a decision denying Claimant benefits on January 12, 2015; "[a] copy of the Referee's decision was mailed to the [C]laimant at her last known post office address on" that date; the last day to appeal was January 27, 2015; Claimant filed her appeal February 6, 2015; "[C]laimant did not request mail forwarding from the post office; . . . [but] relied on her prior neighbors to retrieve mail for her at her old address"; and "[C]laimant received the [R]eferee's decision." (FOF ¶¶ 1-2, 5-8.)

6

Claimant also does not challenge that she "was not misinformed or misled by the unemployment compensation authorities." (FOF ¶ 9.)

We understand Claimant's argument on appeal to be that her loss of housing, which resulted from her lack of income, compounded by the death of her brother in August, 2014, led to stress which should constitute a non-negligent circumstance that excuses her untimely appeal. While Claimant does not specifically challenge any finding of fact, she does contend that she could not file a mail forwarding form with the postal service because she had no forwarding address, which contradicts the Board's finding that Claimant had "moved to a new address around the corner from her old address." (FOF ¶ 4.) However, this finding by the Board is supported by Claimant's testimony that she resided at an address "basically around the corner from where [she] was staying." (Hr'g Tr. at 4.) This testimony is substantial evidence, defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Peak, 501 A.2d at 1387 (quoting Murphy v. Department of Public Welfare, 480 A.2d 382, 386 (Pa. Cmwlth. 1984)). The Court may not overturn the Board's finding when, as here, it is supported by substantial evidence. University City Housing Co. v. Unemployment Compensation Board of Review, 539 A.2d 489, 490 (Pa. Cmwlth. 1988).

Claimant also argues that the Board erred in "not credit[ing her] assertion that stress played a role in her late filing." (Board Decision at 2.) It is well-settled that "[t]he Board is the ultimate fact finder and is, therefore, entitled to make its own determinations as to witness credibility and evidentiary weight." Walsh v. Unemployment Compensation Board of Review, 943 A.2d 363, 368 (Pa. Cmwlth.

7

2008). Even if stress did play a role, we cannot find that the Board erred in generally finding that Claimant's inability to provide for the timely receipt of her mail does not meet the strict standards required for filing a late appeal. This Court has held that relief can be granted to file a late appeal where a referee's decision is mailed to an incorrect address, for example, by addressing it with an incorrect zip code. UPMC Health System v. Unemployment Compensation Board of Review, 852 A.2d 467 (Pa. Cmwlth. 2004). However, Claimant did not testify that the Referee's decision was mailed to an incorrect address; just that she had moved with no forwarding address. The Courts have also granted relief where serious illness prevented a timely filing. See Cook v. Unemployment Compensation Board of Review, 671 A.2d 1130 (Pa. 1996) (appellant suffered a heart attack two days before seeing his lawyer to timely file his appeal and remained hospitalized until the day after the appeal period expired); Bass, 401 A.2d at 1135-36 (secretary of appellant's lawyer became ill and could not file papers that were prepared in advance of the filing deadline).

While we sympathize with Claimant about the situation she found herself in, and although the reasons Claimant presented for not filing her appeal when it was due are understandable, unfortunately, they do not meet the heavy burden necessary to grant *nunc pro tunc* relief. Claimant admitted numerous times during the hearing that she made "mistakes" - in not changing her address with the UC authorities or with the post office, and in relying on her former neighbors to retrieve her mail for her. Mistakes, which are not beyond a claimant's control, do not demonstrate non-negligent circumstances. Criss, 781 A.2d at 1160; Hessou, 942 A.2d at 198.

8

Claimant's Statement of Questions and brief focus on the merits of her appeal of the Referee's and the Board's denial of benefits.[4] Unfortunately, because she did not timely appeal the Referee's decision that she was fired for willful misconduct for not attending the required trainings, the Board lacked jurisdiction to address the merits of her arguments. We, likewise, are not able to review the merits of this matter based on the untimely appeal. We are not ignoring Claimant's arguments.[5] However, because there was no credible evidence showing non-negligent circumstances beyond Claimant's control that prevented the filing of a timely appeal, we must affirm the Board's dismissal of Claimant's appeal as untimely pursuant to Section 502 of the Law.

For the foregoing reasons, the Board's Order is affirmed.

_____
**RENÉE COHN JUBELIRER, Judge**

---

[4] Claimant, presumably referencing the original Referee's Decision, asks whether documents, such as the hospital records for October 24, 2014, which demonstrate that she had an emergency on the weekend before she was terminated, were insufficient evidence to show why she was unable to attend work. She also questions whether there was insufficient documentation of her brother's death and whether Employer's systems were down that month causing her not to be able to complete her training.

[5] We understand that Claimant argues that her work schedule required her to work 16 hours on Saturdays and Sundays, that she had to call off on Saturday, October 24, 2014 because she was in the hospital, and that she was terminated on Monday when she returned. We also understand that she believes that her termination was based on the fact that she called off, and not because she had not completed her training, which she alleges did not have to be completed until the end of the calendar year.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ashley Maloy,                              :
                                           :
                    Petitioner             :
                                           :
          v.                               :   No. 1009 C.D. 2015
                                           :
Unemployment Compensation                  :
Board of Review,                           :
                                           :
                    Respondent             :

# **O R D E R**

**NOW**, April 13, 2016, the Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER, Judge**