IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John M. Thompson,                              :
                Petitioner        :
                                            :
        v.                                     :
                                            :
Unemployment Compensation          :
Board of Review,                              :  No. 1266 C.D. 2017
                Respondent        :  Submitted: January 19, 2018

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON           FILED: March 26, 2018

           John M. Thompson (Claimant) petitions for review *pro se* from the August 10, 2017 Order of the Unemployment Compensation Board of Review (Board), which affirmed the decision of the Referee concluding that he was ineligible for unemployment compensation benefits because Claimant was a self-employed businessperson pursuant to Section 402(h) of the Unemployment Compensation Law (Law).[1]  Upon review, we vacate and remand.

           Claimant was employed full time as Chief Operating Officer (COO) for Behavior Matrix LLC (Employer) from February 29, 2016, through November 11, 2016.  Referee's Findings of Fact (F.F.) No. 1.  As COO, Claimant earned approximately $90,000 a year for managing the daily operations of the accounting,

---

[1] Section 402(h) of the Unemployment Compensation Law provides that "[a]n employe shall be ineligible for compensation for any week-- . . . In which he is engaged in self-employment ...." Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(h).

human resources and finance departments of the company. F.F. Nos. 1, 9. Claimant reported to the Chief Executive Officer (CEO). F.F. No. 8.

Prior to working at the company, Claimant bought approximately 9.6% of the company stock. *See* F.F. Nos. 3, 5. The company has approximately twenty stockholders and employs 18 to 20 people. F.F. Nos. 6, 7. On February 29, 2016, Claimant was hired by his brother, who was CEO at the time of hiring. F.F. No. 2; Internet Initial Claims form at 2, Question 2. Claimant has another family member employed at the company in human resources. F.F. No. 10. In April 2016, the company hired a new CEO, and, thereafter, terminated Claimant's employment on November 11, 2016. F.F. No. 11; Internet Initial Claims form at 2, Question 3.

The Indiana Unemployment Compensation Service Center denied Claimant's request for unemployment compensation benefits explaining that "a corporate officer who owns stock in the corporation and has a substantial degree of control (or has the right to have a substantial degree of control) over the daily operation of the corporation is ineligible for benefits under Section 402(h)."[2] Notice of Determination at 1.

Claimant appealed this decision to the Referee, who found Claimant to be ineligible for benefits because the "claimant had substantial control, or the right to control, the business." Referee's Decision/Order, 3/22/17, at 3. To support this conclusion, the Referee relied on "the claimant's stock ownership of 9.6%, his position as Chief Operating Officer, his initial investment in the business and his familial relationship with top management and other shareholders." *Id*. at 2-3.

---

[2] Employer is a limited liability company, rather than a corporation. Our decision, however, uses the term corporation when that was the term used by the source we are quoting or when we discuss case law that involved corporations. This distinction is immaterial to the issue before us.

2

Claimant appealed the Referee's decision and the Board affirmed. The Board adopted and incorporated the Referee's findings and conclusions into its Order. In addition, the Board explained:

> In his Internet Initial Claims [form], the claimant acknowledged that he had the right to hire and fire employees, had financial responsibility, oversaw the daily operations, had an active involvement in problem solving, and exercised, or had the right to exercise, a substantial degree of control over the day-to-day operations of the corporation. *The Board rejects the claimant's testimony to the extent it conflicts with his initial answers.*

*See* Board's Order, 8/10/17 (emphasis added). Claimant filed a petition for review with this Court.[3]

On appeal, Claimant asserts that the Board erred as a matter of law by concluding that he was self-employed, as he did not have substantial control over the management **and** policies of the company as a whole. The Claimant asserts that the Board did not consider all the facts and that the Referee placed too much emphasis on his 9.6% stock ownership.[4]

The question of whether an unemployment compensation claimant is self-employed and, therefore, not entitled to benefits, is a question of law subject to review by this Court. *Baer v. Unemployment Comp. Bd. of Review*, 739 A.2d 216,

---

[3] This Court's scope of review in this matter is limited to determining whether constitutional rights were violated, whether an error of law was committed and whether the findings of fact are supported by substantial evidence. *Baer v. Unemployment Comp. Bd. of Review*, 739 A.2d 216, 217 (Pa. Cmwlth. 1999) (citing *Kirkwood v. Unemployment Comp. Bd. of Review*, 525 A.2d 841 (Pa. Cmwlth. 1987)).

[4] Specifically, Claimant contends that the Referee "incorrectly assumed that stock ownership above 5 percent and in some cases 3 percent is considered significant as it relates to a determination of control over a company." Claimant's Brief at 7, 15, 18. Although there was discussion of this at the hearing, the Referee indicated in her reasoning that Claimant's stock ownership was only one of several factors she considered in her analysis.

217 (Pa. Cmwlth. 1999) (citing *Conrad v. Unemployment Comp. Bd. of Review*, 478 A.2d 542 (Pa. Cmwlth. 1984)).

The proper test to determine whether the claimant is a self-employed businessperson is whether the claimant "'exercises a substantial degree of control' over the corporation; if so, he is a businessman and not an employee." *Starinieri v. Unemployment Comp. Bd. of Review*, 289 A.2d 726, 728 (Pa. 1972). Over the years, this Court examined several factors to ascertain control. This Court has considered the percentage of stock owned by a claimant, the claimant's position as an officer and a claimant's title in the corporation. *See Geever v. Unemployment Comp. Bd. of Review*, 442 A.2d 1227, 1229 (Pa. Cmwlth. 1982) (citing *Starinieri; Rolland v. Unemployment Comp. Bd. of Review*, 418 A.2d 807 (Pa. Cmwlth. 1980); *George v. Unemployment Comp. Bd. of Review*, 426 A.2d 1248 (Pa. Cmwlth. 1981)). Consideration must be given to all of these factors and others that might be "indicia of control." *Geever*, 442 A.2d at 1229.

In examining eligibility for benefits, this Court has held that "substantial" control is control over the management **and** policies of the corporation as a whole. *See Friedman v. Unemployment Comp. Bd. of Review*, 513 A.2d 560, 561 (Pa. Cmwlth. 1986). In *Friedman*, this Court concluded the claimant was not a self-employed businessperson because his role was "merely managerial" where there was "no evidence that he exercised judgmental policy powers which would indicate that he had a controlling role" in the corporation. *Id*. at 561-62. Subsequent to *Friedman*, this Court has affirmed that for a claimant to exercise a substantial degree of control over a corporation, the claimant must have control over both the management **and** policy-making aspects of the corporation. *See Baer*, 739 A.2d at

4

218; *see also Dunkelberger v. Unemployment Comp. Bd. of Review*, 37 A.3d 34 (Pa. Cmwlth. 2012).

Here, the Board's findings support the conclusion that Claimant's role for the company was managerial. As found by the Referee and the Board, Claimant managed the accounting, human resources and finance departments of the company and oversaw the daily operations of those departments. F.F. No. 9, Board's Order. In his capacity as a manager, Claimant hired and fired employees, had an active involvement in problem solving, had financial responsibility and reported to the CEO. F.F. No. 8, Board's Order. However, in concluding that Claimant was ineligible for benefits due to self-employment, neither the Board nor the Referee made any specific findings as to whether Claimant had policy-making control.

While the Board made no finding relative to Claimant's control over the policies of the company, there was evidence concerning policy control before the Board. Question G of the Internet Initial Claims form asks "Were you responsible for making policy decisions?" Claimant responded "N[o]." At the hearing, Claimant testified that "I didn't really set any policy . . . [t]hat was directed by the CEO." Referee's Transcript of Testimony (T.T.), 3/21/17, at 3. Claimant stated that

> [w]hile I did own a small portion of the company's stock, which is approximately 9.6 percent, this was not a controlling portion of the company by which I could . . . control the company or any company policy and direction. Any input I had into the direction of the company was purely suggestive and subject always to the leader power of the CEO.

*Id*. at 5. Claimant testified that he did not serve on the board of directors and he could not accept budgets or spend dollars without the authorization of the CEO. *Id*.

5

Claimant explained that the current CEO "is running the company along with some of the . . . more major investors." T.T. at 4.[5]

The Board noted in its Order that it rejected Claimant's testimony "to the extent it conflicts with his initial answers." Even if the Board rejected all of Claimant's testimony, Claimant's Internet Initial Claims form itself states that Claimant did *not* control the policies of the company. However, the Board made no finding relative to whether Claimant had control over the policy-making aspects of the company. Failure to address policy control is an error of law. As such, this Court vacates the Board's August 10, 2017 Order and remands the matter to the Board for further consideration. On remand, the Board must review the record and make specific findings as to whether Claimant had control over the management **and** policy-making aspects of the company as a whole at the time of termination as required by *Dunkelberger, Baer* and *Friedman*.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[5] To the extent that the Referee and the Board relied on Claimant's familial relationship with his brother to support the conclusion that Claimant had substantial control over the company, the Referee found and Claimant testified that his brother was no longer the CEO at the time of termination. In fact, for the majority of Claimant's nine-month tenure as COO, Claimant reported to the new CEO rather than his brother. *See* F.F. Nos. 1, 11; Internet Initial Claims form at 2, Question 3.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA


John M. Thompson,                    :
                Petitioner         :
                                    :
           v.                       :
                                    :
Unemployment Compensation            :
Board of Review,                     :       No. 1266 C.D. 2017
            Respondent        :

## O R D E R


AND NOW, this 26th day of March, 2018, the August 10, 2017 Order of the Unemployment Compensation Board of Review (Board) is VACATED and this matter is REMANDED to the Board for disposition in accordance with the foregoing opinion.

       Jurisdiction relinquished.


                            _____
                            CHRISTINE FIZZANO CANNON, Judge