Donna **BAER**, Petitioner,

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 25, 1999.
Decided July 30, 1999.
Publication Ordered Oct. 22, 1999.

Mark J. Remy, Lewistown, for petitioner.

Clifford Blaze, Harrisburg, for respondent.

BEFORE SMITH, J., KELLEY, J., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Donna Baer (Claimant) petitions the Court to review an order of the Unemployment Compensation Board of Review (Board) that denied Claimant unemployment compensation benefits concluding that Claimant was ineligible for benefits under Section 402(h) of the Unemployment Compensation Law (Law)[1] because she was a self-employed businessperson. We affirm.

■ Claimant has not challenged the Board's Findings of Fact; and therefore, they are binding on appeal. *Salamak v. Unemployment Compensation Board of Review*, 91 Pa.Cmwlth. 493, 497 A.2d 951 (1985). The relevant facts found by the Board on appeal are as follows. Claimant was last employed as a manager by Little Caesar's–Baer Pizza Ltd. at $26,000 per year from December 1991 until December 20, 1998. Claimant and her husband each owned 50% of the capital stock of the corporation known as Baer Pizza Ltd. Claimant was Secretary/Treasurer of the corporation. Claimant made decisions regarding corporate operations including conducting job interviews, conducting inventory and ordering supplies. Citing substandard profit levels, Baer Pizza Ltd. made a decision to close the business. The corporation is still in existence but presently conducts no business. Payments were made into the unemployment compensation fund on Claimant's earnings as manager during the entire period of her employment.

Claimant applied for unemployment compensation benefits, which were denied by the job center. On appeal, the referee held a hearing, at which only Claimant testified. After the hearing, the referee affirmed the job center's determination and denied Claimant benefits pursuant to Section 402(h) of the Law. The referee concluded that Claimant had substantial control over the corporation and therefore should be considered an unemployed businessperson, rather than an unemployed worker eligible for benefits.[2] The Board affirmed, adopting the referee's decision. This petition for review followed.

■ Our scope of review in an unemployment compensation case is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Cmwlth. 92, 525 A.2d 841 (1987). Questions of whether an unemployment compensation claimant is self-employed and thus ineligible to receive benefits are questions of law subject to review by this Court. *Conrad v. Unemployment Compensation Board of Review*, 84 Pa.Cmwlth. 71, 478 A.2d 542 (1984). The specific facts of each case must be examined to determine whether a claimant possesses a substantial degree of control over the corporation so as to render him or her a self-employed businessperson. *Geever v. Unemployment Compensation Board of Review*, 65 Pa.Cmwlth. 491, 442 A.2d 1227 (1982).

Claimant argues that pursuant to her franchise agreement, she had minimal

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. 2897 (1937), *as amended*, 43 P.S. § 802(h). Section 402(h) provides that a claimant shall be ineligible for compensation for any week in which he is engaged in self-employment.

2. The referee also addressed the issue as to whether Claimant's contributions on her earnings as manager, paid into an unemployment compensation fund, automatically entitled her to unemployment compensation benefits. Claimant does not challenge the Board's decision on that issue.

power to manage the company and to control the policies of the business, and that the degree of her control over the business did not rise to such a level so as to disqualify her from receiving unemployment compensation benefits. Because we conclude that Claimant had substantial control over both management and policy-making aspects of the corporation, her argument must fail.

The facts in this matter are similar to those in *Starinieri v. Unemployment Compensation Board of Review*, 447 Pa. 256, 289 A.2d 726 (1972), where this Court held that where an individual exercises a substantial degree of control over a corporation and that corporation fails, the individual is then deemed an unemployed businessperson, rather than an unemployed worker, and is therefore ineligible for benefits pursuant to Section 402(h) of the Law. In *Starinieri*, the claimant owned 37.5% of a Pennsylvania corporation. The claimant was named Secretary/Treasurer of the corporation and acted as executive manager of the company. Eventually the company was forced to declare bankruptcy and as a result, the claimant's employment with the company was terminated. As in this matter, the record in *Starinieri*, showed that the claimant, as a shareholder and officer of the corporation, held a substantial degree of control over the activities of the corporation.

Later in *Friedman v. Unemployment Compensation Board of Review*, 99 Pa. Cmwlth. 369, 513 A.2d 560 (1986), this Court held that in order to have a substantial degree of control over a corporation a person must have control over both the management and policies of the corporation. In *Friedman*, the claimant, a 20% shareholder and vice-president of Wallcoverings, Ltd., was discharged from his position as store manager with responsibilities of ordering inventory and materials, supervising other employees and hiring and firing employees. We concluded that as a minority shareholder, whose decisions were subject to the veto power of the president of the corporation, the claimant lacked substantial control over the policies of the corporation and therefore for benefits.

Unlike *Friedman* and *Starinieri*, however, where the respective claimants held a minority stake in the corporation, Claimant here is not a minority stakeholder in a corporation, but rather a 50% owner. Furthermore, by the nature of her agreement with the franchise owner, Little Caesar Enterprises, Inc., the record shows that Claimant freely entered into a business relationship whereby business guidelines for operating the franchise were set out in a contract at the outset of this relationship (N.T. p. 4, *see also* "Franchise Agreement" admitted as Exhibit 1). While Claimant agreed to policy-making or managerial limitations when this franchiser-franchisee relationship was formed, Claimant still maintained a substantial level of policy-making authority in the corporation as evidenced by her decision to enter into this franchise and then to ultimately terminate operations at the company when the business was no longer profitable. Claimant therefore maintained the requisite substantial control over both management and policy-making aspects of the corporation. Therefore, she should be deemed an unemployed businessperson, rather than an unemployed business worker.

For the foregoing reasons, the Board's Order is affirmed.

## ORDER

AND NOW, this 30th day of July, 1999, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

Judge SMITH dissents.