**Barry M. LEACE, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 17, 2014.

Decided June 6, 2014.

---

Kenneth S. Saffren, Jenkintown, for petitioner.

Erin B. Lokhandwala, Assistant Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and McCULLOUGH, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge McCULLOUGH.

Barry M. Leace (Claimant) petitions for review of the October 8, 2013 order of the Unemployment Compensation Board of Review (Board) affirming the decision of a referee and holding that Claimant is ineligible for benefits under section 402(h) of

the Unemployment Compensation Law (Law).[1] We affirm.

In 2002, Claimant established BLJ Sales Group, Inc., (BLJ Sales) in order to facilitate providing products and services from its sole customer to a large retail store. Subsequently, BLJ Sales lost its contract with its only customer. (Findings of Fact Nos. 1, 4, 7.) Claimant filed a claim for benefits. The local service center determined that Claimant was ineligible for benefits pursuant to section 402(h) of the Law, because Claimant owns fifty percent of BLJ Sales and has a substantial amount of control over the business.

Claimant appealed, and a referee held a hearing on July 11, 2013. Claimant testified that he was the president and is a fifty percent owner of BLJ Sales and that his wife owns the other fifty percent. Claimant stated that BLJ Sales served solely as a customer service conduit between its customer, Riviera Trading (Riviera), and Target Corporation (Target). Claimant stated that Riviera hired BLJ Sales as an independent contractor and that Riviera maintained control over all decisions related to its products. Claimant also testified that Riviera required BLJ Sales not to sell a competitor's product but provided no conditions that BLJ Sales not have any other customers. He further testified that BLJ Sales paid for all of its own business expenses, including any expenses that Claimant incurred while traveling. Claimant stated that his last day of employment with BLJ Sales was March 31, 2012, because BLJ Sales lost Riviera as a customer and had no other business. He also stated that Jodi Leace, his wife, assumed the presidency role when his employment as president of BLJ Sales was terminated. Claimant testified that BLJ Sales still exists as a corporation but that he cannot sell his company because it is worth nothing. (Certified Record (C.R.) at Item No. 8.)

By decision and order dated July 18, 2013, the referee determined that Riviera's control of its own products did not create an employee/employer relationship with Claimant. The referee also determined that, as a fifty percent owner of BLJ Sales, Claimant directed the operation of the corporation for over ten years. The referee concluded that Claimant became an unemployed businessperson in March 2012. Thus, the referee affirmed the local service center's determination that Claimant was ineligible for benefits under section 402(h) of the Law.

Claimant appealed to the Board, which affirmed the referee's decision and adopted and incorporated the referee's findings and conclusions.

On appeal to this Court,[2] Claimant argues that the Board erred in concluding that Claimant was not an employee of Riviera because Riviera had complete control over BLJ Sales' operations.

Pursuant to section 402(h) of the Law, self-employed individuals are ineligible for unemployment compensation benefits. 43 P.S. § 802(h). Because the Law does not define the term "self-employment," courts look to the definition of "employment" provided by section 4(*l* )(2)(B) of the Law, 43 P.S. § 753 (*l* )(2)(B):

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(h). In relevant part, section 402(h) provides that "an employe shall be ineligible for compensation for any week in which he is engaged in self-employment...." 43 P.S. § 802(h).

2. Our scope of review in an unemployment compensation appeal is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that (a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

*Id.* This Court has consistently held that both elements of section 4(*l*)(2)(B) must be satisfied before a claimant will be declared to be self-employed. *Jia v. Unemployment Compensation Board of Review,* 55 A.3d 545, 548 (Pa.Cmwlth.2012). The courts have used the two-prong test in section 4(*l*)(2)(B) to fill the void because its obvious purpose is to exclude independent contractors from coverage. *Beacon Flag Car Company, Inc. (Doris Weyant) v. Unemployment Compensation Board of Review,* 910 A.2d 103, 107 (Pa.Cmwlth. 2006). "In determining whether a claimant is engaged in self-employment, our courts have looked at whether the claimant engaged in positive acts to establish an independent business venture." *LaChance v. Unemployment Compensation Board of Review,* 987 A.2d 167, 170 (Pa.Cmwlth. 2009) (citing *Leary v. Unemployment Compensation Board of Review,* 14 Pa. Cmwlth. 409, 322 A.2d 749, 750 (1974) ("The [act] of incorporation ... was a positive ... act in the establishment of an independent business enterprise.")).

▬ An individual is an unemployed businessperson, and, thus, ineligible for benefits pursuant to section 402(h) of the Law, when that "individual exercises a substantial degree of control over a corporation and that corporation fails." *Baer v. Unemployment Compensation Board of Review,* 739 A.2d 216, 218 (Pa.Cmwlth. 1999). "In order to have a substantial degree of control over a corporation a person must have control over both the management and policies of the corporation." *Id.* "The [Law] was not enacted to compensate individuals who fail in their business ventures and become unemployed businessmen." *Starinieri v. Unemployment Compensation Board of Review,* 447 Pa. 256, 289 A.2d 726, 727 (1972).

In *Baer,* the claimant was employed as a manager by a pizza corporation that entered into a franchise agreement. The claimant owned fifty percent of the corporation's stock, served as the secretary/treasurer of the corporation, and made operational decisions that included conducting job interviews, conducting inventory checks, and ordering supplies. Subsequently, the corporation closed its business because of substandard profits. However, the corporation remained in existence even though no business was conducted. The claimant applied for unemployment compensation benefits. Concluding that the claimant had substantial control over the corporation and thus was an unemployed businessperson, the referee denied benefits to the claimant pursuant to section 402(h) of the Law. The Board affirmed.

On appeal to this Court, we noted that the claimant was a fifty percent owner of the corporation. We stated that the record established that the claimant freely entered into a franchise agreement with business operating guidelines set at the beginning of the business relationship. We determined that "[w]hile [the c]laimant agreed to policy-making or managerial limitations ... [the c]laimant still maintained a substantial level of policy-making authority in the corporation as evidenced by her decision to enter into this franchise and then to ultimately terminate the operations at the company when the business was no longer profitable." *Baer,* 739 A.2d at 218.

Therefore, we affirmed the Board's decision.

 Similar to the facts in *Baer*, Claimant is a fifty percent shareholder in BLJ Sales and served as the president of BLJ Sales during the time when Riviera remained a customer. Although Riviera retained control over its products, the Board found that Claimant, as the president of BLJ Sales, had substantial control over the policy and management decisions of the corporation for over ten years. The Board specifically found that Riviera did not limit BLJ Sales to only having Riviera as its client. Moreover, as Claimant testified, BLJ Sales, and not Riviera, paid for all of its business expenses, including Claimant's travel expenses.

 In unemployment cases, the Board is the ultimate fact-finder, empowered to make all determinations as to witness credibility and evidentiary weight. *Peak v. Unemployment Compensation Board of Review*, 509 Pa. 267, 501 A.2d 1383, 1385 (1985). The Board's findings are conclusive and binding on appeal where the record contains substantial evidence to support them. *Brannigan v. Unemployment Compensation Board of Review*, 887 A.2d 841, 843 (Pa.Cmwlth.2005). The evidence in the record establishes that Claimant was not an employee of Riviera but that Claimant, as president of BLJ Sales, made an executive decision by choosing to rely on its business relationship with Riviera as its sole source of revenue. Claimant has exercised control beyond mere incorporation, which alone is enough to establish an independent business enterprise. *Leary.* Moreover,

Claimant testified that "I can't sell *my* company," (C.R. at Item No. 8) (emphasis added), indicating that Claimant was free from Riviera's control over the direction of BLJ Sales' operations. Thus, the Board properly determined that Claimant was an unemployed businessperson, and ineligible for benefits under section 402(h) of the Law.

 Accordingly, we affirm.[3]

## ORDER

AND NOW, this 6th day of June, 2014, the October 8, 2013 order of the Unemployment Compensation Board of Review is affirmed.

---

**3.** Claimant also contends that he is entitled to unemployment compensation benefits because he contributed to the unemployment compensation fund through paycheck deductions. However, it is well settled that contributions into the unemployment compensation fund do not necessarily entitle a claimant to

unemployment compensation benefits. *Sam v. Unemployment Compensation Board of Review*, 107 Pa.Cmwlth. 624, 528 A.2d 1067, 1068 (1987) ("[T]he fact that an *employee* pays into the fund does not establish a quid pro quo entitlement creating a right to benefits in that employee.") (emphasis in original).