# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Bauer,                                  :
                                               :
                    Petitioner                 :
                                               :
          v.                                   :    No. 151 C.D. 2015
                                               :
Unemployment Compensation                      :    Submitted:  August 21, 2015
Board of Review,                               :
                                               :
                    Respondent                 :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**                    **FILED:  November 3, 2015**


Joseph Bauer (Claimant) petitions for review of an Order of the Unemployment Compensation (UC) Board of Review (Board) affirming a UC Referee's (Referee) Decision finding Claimant ineligible for UC benefits pursuant to Section 402(e)[1] or, alternatively, 402(b)[2] of the UC Law (Law).  On appeal,

---

[1] Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, as amended, 43 P.S. § 802(e).  Section 402(e) provides, in relevant part, that "[a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work."  Id.

[2] 43 P.S. § 802(b).  Section 402(b) provides, in relevant part, that "[a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature."  Id.

Claimant maintains that he was not discharged for a rule violation, but instead was terminated because he refused to accept a demotion and that his refusal was necessitous and compelling under Section 402(b). Therefore, Claimant argues, the Board erred in concluding that he was terminated for willful misconduct under 402(e) of the Law. Discerning no error, we affirm.

Claimant had been employed at the Pennsylvania Department of Transportation (Employer) since 1999, where he most recently served as a Roadway Programs Coordinator. Claimant was discharged by Employer effective October 27, 2014. Claimant subsequently filed for UC benefits, and the UC Service Center issued a Notice of Determination finding Claimant not ineligible for benefits under Section 402(e). (Notice of Determination, R. Item 6.) The UC Service Center found that "Claimant did not admit to the incident which caused the separation and the Employer did not provide information to show the Claimant was involved in the incident that caused the separation." (Notice of Determination.) Therefore, the UC Service Center concluded that Employer did not sustain its burden of proof in showing that Claimant's actions constituted willful misconduct.

Employer appealed and a hearing was held before a Referee. Claimant was represented by counsel and testified on his own behalf. Employer presented the testimony of its Human Resources Officer, a Clerk Typist 2 (SL), an Account Assistant, a Roadway Program Technician, and an Equipment Operations employee. During the hearing, both parties consented to allow the Referee to consider Claimant's eligibility for UC benefits under Section 402(b), in addition to 402(e) of the Law. (Hr'g Tr. at 48, R. Item 10.) Based on the evidence presented, the Referee made the following findings of fact:

2

1. Claimant started working for [the] Pennsylvania Department of Transportation in 1999 and the last day he worked as a full-time Roadway Programs Coordinator was September 25, 2014.

2. Claimant worked at [one of] Employer's . . . facilit[ies].

3. Employer's Sexual Harassment Policy defines sexual harassment, in part, as unwelcome sexual advances, requests for sexual favors, and other verbal, visual, or physical conduct of a sexual nature where such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.

4. Verbal sexual harassment includes, but is not limited to, derogatory sexually explicit or offensive comments and inappropriate comments about an individual's body.

5. Physical harassment includes impeding or blocking movements, or touching, patting, pinching or any other unnecessary physical contact.

6. Claimant received training on the sexual harassment policy and as a manager was responsible to enforce the policy.

7. SL, a clerk typist in PennDot's . . . [facility], reported to [a supervisor] who reported to Claimant.

8. On September 23, 2014, approximately 15 to 20 employees attended CPR/First Aid/training.

9. The training included discussion about automated external defibrillators (AED) and how a defibrillator must have direct contact with a person's skin.

10. During the training, Claimant made multiple comments about using CPR as a means to get SL to remove her clothes and bra.

11. When Claimant made the first of such comments, SL told him to "knock it off", however Claimant continued to make similar comments throughout the training.

3

12. On September 24, 2014, SL reported Claimant's comments to her supervisor who suggested she contact the Human Resources office.

13. The Human Resources officer interviewed SL and other employees and received multiple reports of Claimant engaging in harassing behavior toward SL.

14. On September 25, 2014, after conducting a pre-disciplinary conference with Claimant, Employer suspended Claimant pending an investigation.

15. Beginning in the spring of 2014, Claimant routinely inserted his finger through the hoop earrings of SL and another female employee, touching their ear or neck while making the comment, "I'm touching your hole" or "I'm touching your goal".

16. On multiple occasions, Claimant shoved SL into a coworker's cubicle wall.

17. On one or two occasions, Claimant used a gel wrist pad to slap SL's thigh.

18. On a regular basis, Claimant stood by SL's work station and stared at her.

19. When SL asked if he needed something, he continued to stand there and did not respond.

20. Employer determined it could not allow Claimant to remain employed at the [same] facility where SL is employed.

21. On October 15, 2014, Employer offered Claimant a demotion to a Roadway Programs Specialist at [another] facility.

22. By letter dated October 16, 2014, Claimant declined the offered position.

23. Claimant's suspension was converted to a discharge effective October 27, 2014.

24. Employer terminated Claimant's employment for inappropriate behavior and violation of the sexual harassment policy.

4

(Referee Decision, Findings of Fact (FOF) ¶¶ 1-24.) Based on these findings, the Referee reversed the UC Service Center's Determination and found Claimant ineligible for UC benefits under both Sections 402(e) and 402(b) of the Law. The Referee found SL's unrefuted testimony credible that Claimant exhibited inappropriate conduct toward her, who was his subordinate, and that Claimant did not have good cause for his actions. Because "Claimant's actions were a deliberate violation of Employer's policy and a disregard of the standards of behavior which Employer had a right to expect of an employee," the Referee determined that "Claimant's actions rise to the level of willful misconduct . . . and he must be found ineligible for benefits under Section 402(e) of the Law." (Referee Decision at 3.)

Addressing Claimant's ineligibility for benefits under Section 402(b), the Referee concluded that even if Claimant's separation from employment was voluntary, he was not entitled to UC benefits because the decision to demote and transfer him was justified "as a result of his inappropriate behavior toward a female subordinate employee." (Referee Decision at 3.) The Referee further concluded that Claimant did not show "good cause for refusing an offer of continuing employment." (Referee Decision at 3.) Therefore, the Referee determined that Claimant lacked necessitous or compelling cause for refusing the demotion.

Claimant appealed to the Board, which adopted the Referee's findings of fact and conclusions of law, and affirmed the Referee's Decision. However, "[t]he Board further conclude[d] that the claimant ha[d] a choice whether or not to accept the advice of his counsel with regard to accepting the demotion in order to retain his employment[,]" and that his "voluntary decision to accept the advice of his

5

counsel and to refuse a justified demotion [did] not provide good cause for his willful misconduct." (Board Order.) Claimant now petitions this Court for review of the Board's Order.[3]

On appeal,[4] Claimant argues that the Board erred in determining that he was ineligible for benefits under Section 402(e) of the Law because his decision to refuse the demotion does not constitute willful misconduct. Claimant maintains that when he was offered the demotion on October 15, 2014, the sexual harassment investigation had ended. Therefore, he contends that he was not terminated for violating Employer's sexual harassment policy, but rather for refusing to accept the demotion. A refusal to accept an unjustified demotion, Claimant argues, does not constitute willful misconduct.

Whether an employee's conduct constitutes willful misconduct is a question of law subject to this Court's appellate review. Brown v. Unemployment Compensation Board of Review, 49 A.3d 933, 937 (Pa. Cmwlth. 2012). In unemployment compensation cases, "[t]he employer has the burden of proving that it discharged an employee for willful misconduct." Adams v. Unemployment Compensation Board of Review, 56 A.3d 76, 78-79 (Pa. Cmwlth. 2012). Among other things, willful misconduct may include a deliberate violation of the

---

[3] Our scope of review "is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed or whether constitutional rights were violated." Johns v. Unemployment Compensation Board of Review, 87 A.3d 1006, 1009 n.2. (Pa. Cmwlth.), petition for allowance of appeal denied, 97 A.3d 746 (Pa. 2014).

[4] Employer intervened in this matter and has filed a brief in support of the Board's Order.

employer's rules. Id. at 78. When discharging an employee for violating an employer's rule, the employer must establish "the existence of the work rule, the reasonableness of the rule, the claimant's awareness of the rule, and the fact of its violation." Id. at 79. Once the employer has established the four prongs, "[t]he burden shifts to the employee to prove that he or she had good cause for her actions." Chapman v. Unemployment Compensation Board of Review, 20 A.3d 603, 607 (Pa. Cmwlth. 2011).

Here, Claimant does not challenge the existence of Employer's rule against sexual harassment, the reasonableness of the rule, or his awareness of the rule. Instead, Claimant argues that he was not terminated for violating the rule, but rather for refusing to accept a demotion. This refusal, Claimant asserts, did not constitute willful misconduct. However, Claimant's contention conflates the reasoning in the Referee's Decision, as adopted by the Board, and mischaracterizes the record.

The findings of fact show that the willful misconduct that resulted in Claimant's termination was his violation of the Employer's sexual harassment policy, not his refusal to accept a demotion. The Board specifically found that "Employer terminated Claimant's employment for inappropriate behavior and violation of the sexual harassment policy." (FOF ¶ 24.) This finding is supported by the record.[5]

---

[5] Where there is substantial evidence to support the Board's findings, such findings are binding on appeal. Leace v. Unemployment Compensation Board of Review, 92 A.3d 1272, 1276 (Pa. Cmwlth. 2014).

First, the Board accepted as credible, SL's unrefuted testimony describing "the inappropriate conduct of Claimant, a male manager, directed toward her, a female subordinate employee."[6] (Referee Decision at 3.) Second, the record shows that Claimant was offered a demotion and transfer by Employer so that Claimant could remain employed despite his violation of Employer's sexual harassment policy. (Hr'g Tr. at 13-14, 17-18.) Third, the record shows that if Claimant had accepted the demotion, appropriate action still would have been taken by Employer in response to Claimant's violation of the sexual harassment policy. (Hr'g Tr. at 17-18.) Claimant testified that he understood that if he declined the demotion, his suspension would have been "converted to a suspension with a final warning." (Hr'g Tr. at 44.) Moreover, although Claimant testified that he was fired because he did not accept the demotion, he further testified that he declined to accept the demotion because, on advice of counsel, he was waiting for a resolution of an appeal of his suspension from the State Civil Service Commission. (Hr'g Tr. at 41; Ex. C-3, Letter from Counsel to Employer, October 16, 2014.) Therefore, the Board did not err in concluding, based on its findings, that Claimant was terminated for violating Employer's sexual harassment policy rather than finding that Claimant was discharged for refusing the demotion.

Because Employer successfully carried its burden to establish termination for willful misconduct, the burden shifts to Claimant to demonstrate he had good cause for violating the rule. Chapman, 20 A.3d at 607. Here, Claimant makes no attempts to show that he had good cause for violating Employer's sexual

---

[6] In unemployment cases, the Board is the ultimate fact-finder tasked with making all credibility determinations. Id.

8

harassment policy. Furthermore, as determined by the Board, refusing a demotion based on counsel's advice does not provide good cause for Claimant's willful misconduct, which was the violation of Employer's sexual harassment policy. Accordingly, the Board did not err by concluding that Claimant's behavior constituted "willful misconduct" under 402(e) of the Law, thereby precluding him from receiving UC benefits.

Claimant further asserts that he had a "necessitous and compelling" reason to refuse the demotion, thus making him eligible for UC benefits under 402(b) of the Law. Section 402(b)'s necessitous and compelling standard only applies when the employee *voluntarily* terminates his employment. 43 P.S. § 802(b) ("An employee shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to *voluntarily* leaving work without cause of a necessitous and compelling nature . . .") (emphasis added). Here, Claimant did not voluntary terminate his employment; rather, he was discharged by Employer for violating its sexual harassment policy. In fact, Claimant concedes that he "never voluntarily ended his employment in the first place." (Claimant's Br. at 11.) However, even if we were to conclude that Claimant's separation was voluntary, he did not meet his burden of proving a necessitous and compelling reason for terminating his employment.

Whether an employee had necessitous and compelling reasons for terminating his employment is a question of law subject to review by this Court. Wise v. Unemployment Compensation Board of Review, 111 A.3d 1256, 1261 (Pa. Cmwlth. 2015). A claimant has the burden of proving that he had a necessitous and compelling reason for terminating his employment. Id. at 1264.

Where an employee voluntarily terminates his employment after a demotion, the focus of the analysis is on the justification for the demotion. Allegheny Valley School v. Unemployment Compensation Board of Review, 697 A.2d 243, 248 (Pa. 1997). If the demotion was justified, an employee does not have necessitous and compelling reason to quit their employment. Id. An employer may properly demote an employee "as a form of discipline or for other legitimate business purposes." Id. at 247; Unemployment Compensation Board of Review v. Tune, 350 A.2d 876, 877 (Pa. Cmwlth. 1976).

Here, Claimant violated Employer's sexual harassment policy. As a result, Employer offered to transfer Claimant to a different site, where he would not have further contact with the employee whom he had harassed. (Hr'g Tr. at 13.) Because Employer's offer to demote Claimant was "a form of discipline," as contemplated by Allegheny Valley School, it was a justified demotion, and Claimant did not have a necessitous and compelling reason for refusing it.

For the foregoing reasons, the Board's Order is affirmed.

_____
**RENÉE COHN JUBELIRER, Judge**

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Bauer,                          :
                                       :
                    Petitioner         :
                                       :
              v.                       :    No. 151 C.D. 2015
                                       :
Unemployment Compensation              :
Board of Review,                       :
                                       :
                    Respondent         :

## O R D E R

   **NOW**,  November 3, 2015,  the Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is **AFFIRMED.**

_____
**RENÉE COHN JUBELIRER, Judge**