IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brenda Ciena, : 
            Petitioner : 
            :   No. 1918 C.D. 2015
           v. : 
            :   Submitted: January 29, 2016
Unemployment Compensation : 
Board of Review, : 
           Respondent : 

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                   FILED: May 2, 2016

Brenda Ciena (Claimant) petitions, *pro se*, for review of the August 28, 2015 order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's determination that Claimant is ineligible for benefits pursuant to section 402(b) of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant began working for Guardian Life Insurance Company (Employer) in July 2000 as a full-time Review Analyst. In September 2010, Claimant resigned from her position with Employer to accept other employment. Employer rehired Claimant on April 25, 2011. In early December 2014, Claimant

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended*, 43 P.S. §802(b). Section 402(b) provides that an employee is ineligible for compensation for any week in which her employment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

informed Employer that she required foot and ankle surgery and applied for a medical leave of absence. Employer approved Claimant's request for an eight-week medical leave that was to begin on December 4, 2014, and also authorized the payment of short-term disability benefits to Claimant for that time as well. (Findings of Fact at Nos. 1-4.)

After the expiration of her short-term medical leave, Claimant did not return to work because of multiple surgical complications. Employer agreed to extend Claimant's leave due to the complications. On May 11, 2015, Employer sent Claimant a letter informing her that her extended medical leave would expire on June 3, 2015, which was consistent with Employer's six-month limit on short-term disability. The letter further stated that if Claimant did not return to work on that date, her employment may be administratively terminated. Claimant was under the medical care of a surgeon and chiropractor, and she provided Employer with a medical release from her surgeon stating that she was able to return to work on June 3, 2015, provided that she is allowed to wear sneakers. (Findings of Fact at Nos. 6, 8-9; Notes of Testimony (N.T.) at 3, 6.)

In early June 2015, Claimant spoke with a senior human resources partner who told Claimant that she had discussed Claimant's case with in-house counsel and assured Claimant that her job was not in jeopardy at that point in time. On June 9, 2015, Employer informed Claimant that it also needed a release from her chiropractor, which Claimant submitted to Employer on June 17, 2015. On June 19, 2015, Claimant was informed by Employer's disability analyst that her case was under review for long-term disability and that Employer needed further medical documentation. Claimant voluntarily resigned from employment because she was

2

frustrated with the way Employer was handling her disability case. (Findings of Fact at Nos. 10-14; N.T. at 7-9.)

Claimant filed a claim for benefits with the local service center, asserting that she resigned from her employment because Employer was purposefully making it difficult for her to return to work after the expiration of her medical leave. Claimant further indicated that the inconsistent information she received from Employer's human resources partner and the disability analyst regarding her return to employment frustrated her to the point of resignation. The local service center determined that Claimant was ineligible for benefits under section 402(b) of the Law because she failed to present sufficient evidence that she voluntarily left work for "cause of a necessitous and compelling nature." 43 P.S. §802(b). Claimant appealed and the case was assigned to a referee for a hearing.

The referee conducted a hearing on July 29, 2015, at which Claimant appeared and testified; Employer did not appear. During the hearing, Claimant testified to the facts recited above and stated that she felt that Employer treated her unfairly when she provided Employer with all of the necessary medical documentation and was not permitted to return to work. Claimant further testified that after Employer agreed to extend her medical leave due to surgical complications, Employer failed to accommodate her when it did not provide her with a laptop from which she could work from home. (N.T. at 5, 8.)

After reviewing the record, the referee affirmed the local service center's determination that Claimant was ineligible for benefits under section 402(b) of the Law. In rendering his decision, the referee stressed that Claimant's frustration with Employer's request for additional medical documentation did not render her work situation so intolerable that a reasonable person in a similar situation would have quit.

3

The referee reiterated that normal workplace strains and pressures do not constitute adequate cause to voluntarily terminate employment.

Claimant appealed to the Board, which affirmed the referee and adopted the referee's findings of fact and conclusions of law.

On appeal to this Court,[2] Claimant argues that the Board erred in concluding that she did not have a necessitous and compelling reason for resigning from her job. Claimant asserts that she had necessitous and compelling reasons to voluntarily terminate her employment because she had tried, on more than one occasion, to return to work with the proper medical documentation required by Employer and was not permitted to return and that a reasonable person would not tolerate conflicting information regarding his or her status of returning to work. Claimant also maintains that, while working, high stress and pressure put on her from her position directly affected her overall health and argues that she made several "reasonable efforts" to preserve her employment by making phone calls, providing necessary documents, and keeping Employer updated on the status of her recovery.

In order to be eligible for unemployment compensation benefits under section 402(b) of the Law, a claimant whose unemployment is due to voluntary termination bears the burden of proving that such termination was for a necessitous and compelling reason. *Brown v. Unemployment Compensation Board of Review*, 780 A.2d 885, 888 (Pa. Cmwlth. 2001). Necessitous and compelling cause exists where the claimant demonstrates that: circumstances existed which produced real and substantial pressure to terminate the claimant's employment; similar

_____

[2] Our scope of review in an unemployment compensation appeal is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. §704; *Leace v. Unemployment Compensation Board of Review*, 92 A.3d 1272, 1274 n.2 (Pa. Cmwlth. 2014).

circumstances would compel a reasonable person to act in the same manner; the claimant acted with ordinary common sense; and the claimant made a reasonable effort to preserve his or her employment. *Id.* The question of whether a claimant has a necessitous and compelling cause to voluntarily quit her employment is a question of law subject to the appellate review of this Court. *Port Authority of Allegheny County v. Unemployment Compensation Board of Review*, 955 A.2d 1070, 1074 (Pa. Cmwlth. 2008).

In terms of assessing whether there is a necessitous and compelling cause to quit, "[o]ur case law distinguishes normal workplace strains from pressures extreme enough to justify a resignation." *Ann Kearney Astolfi DMD PC v. Unemployment Compensation Board of Review*, 995 A.2d 1286, 1289 (Pa. Cmwlth. 2009). This Court has consistently held that mere dissatisfaction with working conditions, absent an intolerable work atmosphere, does not constitute a necessitous and compelling reason for a voluntary quit. *Gioia v. Unemployment Compensation Board of Review*, 661 A.2d 34, 37 (Pa. Cmwlth. 1995) (citing *Uniontown Newspapers, Inc. v. Unemployment Compensation Board of Review* 558 A.2d 627, 629 (Pa. Cmwlth. 1988)). "We have explained that a [n]ecessitous and compelling cause for voluntarily leaving employment [is one that] results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner." *Astolfi*, 995 A.2d at 1289 (citation omitted).

Here, although Employer conveyed conflicting information to Claimant, and Claimant submitted a medical release from her treating surgeon and chiropractor, Employer clarified that it was still investigating the matter and needed additional medical documentation before Claimant could return to work. (Finding of Fact at

5

No. 13; N.T. at 8). In assessing Claimant's testimony, the Board determined that it "merely establishes that [Claimant] was frustrated regarding Employer's request for additional information, not that her situation was so intolerable that a reasonable person in a similar situation would have quit her employment." (Board's decision at 1.)

In unemployment compensation proceedings, the Board is the ultimate fact-finder, empowered to determine the weight and credibility of the evidence, *Curran v. Unemployment Compensation Board of Review*, 752 A.2d 938, 940 (Pa. Cmwlth. 2000), and the Board's findings of fact are conclusive on appeal if they are supported by substantial evidence. *Stringent v. Unemployment Compensation Board of Review*, 703 A.2d 1084, 1087 (Pa. Cmwlth. 1997). The Board's characterization of Claimant's testimony is accurate and its findings of fact are supported by substantial evidence. Therefore, we agree with the Board that Claimant failed to establish a necessitous and compelling reason to terminate her employment, i.e., that her situation was so dire that it would compel a reasonable person to quit. *See also Westwood v. Unemployment Compensation Board of Review*, 532 A.2d 1281, 1282-83 (Pa. Cmwlth. 1987) (concluding that a claimant was not entitled to benefits when she provided the employer with a medical release, the employer replied that work was not currently available, and the claimant thereafter abandoned her job).

Claimant further argues that she acted with "ordinary common sense" when she voluntarily quit employment due to the serious health effects caused by the stress and pressure of her employment. In her brief, Claimant states that, as a result of such stress, she developed high blood pressure and was proscribed Lexapro in order to treat her anxiety and help manage her stress levels.

6

To establish a health problem as a necessitous and compelling reason to quit, a claimant must: (1) offer competent testimony that adequate health reasons existed to justify the voluntary termination, (2) have informed the employer of the health problem, and (3) be available to work if reasonable accommodations can be made. A failure to meet any one of these conditions bars a claim for unemployment compensation. *Genetin v. Unemployment Compensation Board of Review*, 451 A.2d 1353, 1356 (Pa. 1982).

Here, Claimant did not offer any testimony that she was suffering from stress, anxiety, or work-related health problems that made it difficult for her to continue or resume her employment. Further, Claimant did not present any evidence that she informed Employer of her work-related health problems. Therefore, we conclude that Claimant failed to demonstrate that her work-related health problems constituted a necessitous and compelling reason to terminate employment.[3]

Having determined that Claimant's evidence was insufficient to establish that she had a necessitous and compelling reason to terminate her employment, we conclude that the Board did not commit legal error in finding Claimant ineligible for benefits under section 402(b) of the Law.

Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

---

[3] Finally, Claimant contends that she made several "reasonable efforts" to preserve her employment by making phone calls, providing necessary documents, and keeping Employer updated on the status of her recovery. Even if this were true, Claimant has nonetheless failed to demonstrate the threshold requirement that circumstances existed which produced real and substantial pressure to terminate her employment. Consequently, we need not address this issue.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brenda Ciena, : 
                Petitioner : 
                       :   No.  1918 C.D. 2015
         v. : 
                       : 
Unemployment Compensation : 
Board of Review, : 
                Respondent : 

## _ORDER_

AND NOW, this 2nd day of May, 2016, the August 28, 2015 order of the Unemployment Compensation Board of Review is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge