IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patricia E. Roscioli,                      :
              Petitioner    :
                          :   No.  1344 C.D. 2016
             v.             :
                          :   Submitted:  December 23, 2016
Unemployment Compensation    :
Board of Review,                :
             Respondent   :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED:  February 3, 2017

        Patricia E. Roscioli (Claimant) petitions *pro se* for review of the June 30, 2016 order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's decision concluding that Claimant was ineligible for benefits pursuant to section 402(b) of the Unemployment Compensation Law (Law).[1]

        Claimant worked full-time as an accounts receivable representative for Fresenius Vascular Care (Employer) from December 28, 2015, until January 4, 2016. During the week of December 28, 2015, Claimant received training regarding the

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).  In relevant part, section 402(b) provides that an employee who voluntarily leaves work without cause of a necessitous and compelling nature is ineligible for compensation.

overall requirements of her position. On January 4, 2016, Claimant informed her supervisor that she was stressed out and felt overwhelmed. Claimant's supervisor responded that she had not given the job enough time and that she would receive additional one-on-one training with her team leader. Claimant called out sick the next two days, January 5 and 6. Employer called Claimant on January 7, 2016, and Claimant stated that she was going to be out sick the rest of the week. However, later that day, Claimant advised Employer that the job was not a good fit and that she was resigning effective immediately. In other words, Claimant voluntarily terminated her employment on January 7, 2016. (Findings of Fact Nos. 1-13.)

Claimant thereafter applied for benefits with her local service center. By notice of determination dated April 15, 2016, the local service center concluded that Claimant was ineligible for benefits under section 402(b) of the Law. The local service center found that Claimant voluntarily quit because the job was not what she expected and she did not exhaust all alternatives prior to quitting. Claimant appealed that determination to a referee, who held a hearing on May 24, 2016.

Claimant testified that she quit work after approximately two weeks because she "was sick and just got stressed out at the job." (Notes of Testimony (N.T.), 5/24/16, at 4.) While she was not hospitalized, Claimant stated that she sought medical treatment and had a doctor's note reflecting that she had "a viral infection due to stress." *Id.* Claimant alleged that she advised Employer of her illness by email on January 6, 2016. *Id.* Claimant noted that she spoke to her supervisor, Trayce Madain, the next day and informed her that she would not be coming back to work because she was not "really comfortable" and the job was not "what I expected." (N.T., 5/24/16, at 5.)

2

Claimant explained that she only had approximately two and a half days of training from Employer and that she expected more training, similar to what she had received at other jobs. *Id.* Claimant noted that she was advised by her trainer that Employer would only provide a week of training. *Id.* Claimant acknowledged that she never spoke to her supervisor regarding a need for more than one week of training. (N.T., 5/24/16, at 6.) Claimant testified that the lack of training was the biggest issue that led to her quitting her employment. *Id.* Claimant also acknowledged that she never spoke to her supervisor about her feeling that the job was not what she expected, but did inform her supervisor on January 4, 2016, that she was stressed. (N.T., 5/24/16, at 8.)

Madain testified on behalf of Employer, confirming that Claimant advised her on January 4, 2016, that she was feeling overwhelmed. *Id.* Madain advised Claimant that "she just needed to take a little more time and that the training that she received the first week is an overall [training]" and that after this initial training she would be paired with a team leader who would "walk [her] through each step." *Id.* In other words, Madain testified that Claimant's training was not completed. *Id.* During their January 4, 2016 conversation, Madain noted that she informed Claimant that she needed to calm down because she was "new to the company" and that her team leader would work with her until she was able to master the work. (N.T., 5/24/16, at 9.)

Madain further testified that she received emails on January 5 and 6 that Claimant was sick and would not be in and that, after not hearing from Claimant on January 7, she called and left a message for Claimant. *Id.* Madain stated that she talked to Claimant later that day, that Claimant again expressed that she felt overwhelmed, and that Claimant then advised her that the job was not the right fit and

3

she was resigning. *Id.* Renee Lane, Employer's Human Resource Manager, also testified on Employer's behalf. Lane stated that Claimant never spoke to her before resigning and that Claimant signed a job description detailing the duties of her position. (N.T., 5/24/16, at 11.)

By decision and order dated May 25, 2016, the referee affirmed the determination of the local service center that Claimant was ineligible for benefits under section 402(b) of the Law. The referee noted that Claimant voluntarily terminated her employment after approximately one week because she was dissatisfied with her position. The referee also noted that Employer encouraged Claimant to give the position more time and advised her that she would receive additional training. The referee concluded that Claimant failed to establish that she had a necessitous and compelling reason to voluntarily leave her work or that she sought to preserve her employment. Claimant appealed to the Board, which affirmed the referee's decision.[2]

---

[2] For the most part, the Board adopted and incorporated the referee's findings and conclusions. However, the Board did amend the referee's Findings of Facts Nos. 2 and 5. In Finding of Fact No. 2, the referee stated "[t]he week of December 28, 2015, the claimant attended training which gave an overall view." The Board amended this finding to read "[d]uring the week of December 28, 2015, the claimant received training regarding the overall requirements of her position." In Finding of Fact No. 5, the referee stated "[t]he supervisor told the claimant that she had not yet given it enough time; and that the employer would walk her through the process and provide her with more detailed training." The Board amended this finding to read "[t]he claimant's supervisor informed the claimant that she had not given the job enough time and that she would receive additional one-on-one training with her team leader." Additionally, the Board specifically rejected Claimant's allegation that she quit due to health concerns. Further, the Board noted that Claimant referenced facts and included a document that were not part of the record before the referee. The Board declined to consider this extra-record evidence.

4

On appeal to this Court,[3] Claimant argues that the Board erred by failing to conclude that she did not have a necessitous and compelling reason to voluntarily terminate her employment. We disagree.

In order to be entitled to unemployment benefits, an employee who voluntarily terminates her employment bears the burden of proving that she had cause of a necessitous and compelling nature. *Renda v. Unemployment Compensation Board of Review*, 837 A.2d 685, 692 (Pa. Cmwlth. 2003). Necessitous and compelling cause occurs when there is real and substantial pressure to terminate one's employment that would compel a reasonable person to do so under similar circumstances. *Id.* at 691-92. Generally, a claimant must show that she acted with ordinary common sense in quitting, made a reasonable effort to preserve her employment, and had no real choice but to leave her employment. *Cowls v. Unemployment Compensation Board of Review*, 427 A.2d 722, 723 (Pa. Cmwlth. 1981); *see also Gioia v. Unemployment Compensation Board of Review*, 661 A.2d 34, 37 (Pa. Cmwlth. 1995) (noting that the claimant refused to attend a second meeting the employer offered to set up). Whether a claimant has necessitous and compelling cause to quit is a question of law subject to appellate review. *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 832 (Pa. 1977).

Claimant alleges that she had necessitous and compelling reasons to quit her job because she did not receive adequate training and was told that there would be no further training relating to the same. However, Claimant's allegations are contrary to the Board's adopted findings, which are supported by the record and are binding

---

[3] Our scope of review in an unemployment compensation appeal is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. §704; *Leace v. Unemployment Compensation Board of Review*, 92 A.3d 1272, 1274 n.2 (Pa. Cmwlth. 2014).

on appeal. *See Leace*, 92 A.3d at 1276 (the Board is the ultimate fact-finder and is empowered to make all determinations regarding witness credibility and evidentiary weight and its findings are binding on appeal when supported by substantial evidence). Indeed, the Board found that Claimant had been provided with training regarding the overall requirements of her position during her first week of employment and was advised by her supervisor, Madain, that she would receive additional one-on-one training with her team leader. The Board's findings are supported by Madain's testimony before the referee, which the Board obviously credited.

Moreover, when Claimant advised Madain that she was feeling overwhelmed, Madain attempted to assuage Claimant's concerns by explaining that Claimant was new to the company and had not given the job enough time. (N.T., 5/24/16, at 9.) Madain also assured Claimant that she would receive additional training from her team leader, who would work with her until she was comfortable with the work. *Id.* Nevertheless, Claimant opted to quit, having only worked one week with Employer. Claimant simply did not make a reasonable effort to preserve her employment. Furthermore, the law is well settled that mere dissatisfaction with working conditions does not constitute cause of necessitous and compelling nature for terminating one's employment. *Brunswick Hotel & Conference Center, LLC v. Unemployment Compensation Board of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006).

Because Claimant failed to make a reasonable effort to preserve her employment and in fact quit due to dissatisfaction with her working conditions, the Board did not err in concluding that Claimant did not have a necessitous and compelling reason to voluntarily terminate her employment.

6

Accordingly, the order of the Board is affirmed.

                        _____

                        PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patricia E. Roscioli,              :
          Petitioner        :
                              :  No.  1344 C.D. 2016
        v.                :
                              :
Unemployment Compensation  :
Board of Review,            :
          Respondent     :

## ***ORDER***

AND NOW, this 3rd day of February, 2017, the order of the Unemployment Compensation Board of Review, dated June 30, 2016, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge